512

David E. HUTTON and Charlene Diane Hutton *v.*
ARKANSAS DEPARTMENT OF HUMAN SERVICES

90-118                                         798 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*Williams, Schrantz & Wood, P.A.,* by: *Stephen Lee Wood,*
for appellants.

*Breck G. Hopkins* and *Ron McLaughlin,* for appellee.

ROBERT H. DUDLEY,. Justice. This is an appeal from a
probate court order which terminates the parental rights of
appellants, David and Charlene Hutton, and grants appellee,
Arkansas Department of Human Services, the power to consent

to the adoption of appellants' two children, Lisa and Christina. We affirm the probate court order terminating parental rights and giving power to consent.

These parties have been before this Court previously. *Hutton* v. *Savage*, 298 Ark. 256, 769 S.W.2d 394 (1989). In the previous case we set out the history of the children's protective custodial care in great detail. It is unnecessary to repeat that history here except to say that since early 1985 Lisa and Christina almost continuously have been in the protective custody of the Department. Repeated, intensive efforts have been made by the Department to provide the Huttons with rehabilitative services in order that custody of the children could be returned to them. Those efforts have not been successful. On July 31, 1989, the Department filed its petition for termination of parental rights.

One of the bases for terminating parental rights is a finding "that a juvenile has been adjudicated *by the court* to be dependent-neglected . . . ." Ark. Code Ann. 9-27-341(b)(1) (Supp. 1989). In this case, a Juvenile Court Referee in 1985 made an adjudication of dependency and neglect. Appellants argue that a 1985 finding by a juvenile court referee is not sufficient to satisfy the statute, instead, "court" can only mean "the Juvenile Division of Chancery Court." The argument is without merit.

In *Walker* v. *Arkansas Dept. of Human Svcs.*, 291 Ark. 43, 722 S.W.2d 558 (1987), we held that the exercise of jurisdiction over juveniles was not a permissible function of the county courts. In doing so, however, we also recognized the prior de facto existence of the juvenile courts. We explained that because they had exercised jurisdiction over juveniles in the past under color of state law, their proceedings and judgments would not be subject to collateral attack. Thus, our decision in *Walker, id.*, specifically immunized from collateral attack the order finding Lisa and Christina dependent-neglected.

Statutory construction requires a common sense approach. *Keith* v. *Barrow-Hicks Ext., Imp. Dist.*, 275 Ark. 28, 626 S.W.2d 951 (1982). It would defy common sense to find that the legislature intended to invalidate or exclude prior adjudications of dependent-neglected which were decided by predecessor courts merely by defining the term "court" in terms of the Juvenile Division of the Chancery Court.

In short, construing the statute using a common sense approach, and giving effect to the immunization afforded such predecessor orders by *Walker*, it is clear that the lower court was correct in relying upon the 1985 order finding dependent-neglected.

Affirmed.