Jack BANKS *v.* STATE of Arkansas

91-84                                                      813 S.W.2d 257

Supreme Court of Arkansas
Opinion delivered July 8, 1991
[Rehearing denied September 9, 1991.]

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. In the Circuit Court the State charged the appellant, Jack Banks, a juvenile, with four offenses: (1) aggravated robbery, (2) attempted capital murder, (3) theft of property valued at less than $200, and (4) fleeing from arrest. Banks was 14 years old at the time the alleged offenses occurred and 15 when the proceedings which are the subject of this appeal occurred. Only one of the offenses charged, aggravated robbery, is listed in Ark. Code Ann. § 9-27-318(b)(1) (Repl.1991) as an offense with respect to which a prosecutor may charge a juvenile in a circuit court as opposed to a juvenile court.

On the basis that all of the offenses were alleged to have occurred in the same episode or course of conduct, the Circuit Court retained jurisdiction of all of the offenses charged but stated that verdict forms would not be given to the jury on the fleeing and theft charges. The Court reserved decision as to whether a verdict form would be submitted to the jury with respect to the attempted capital murder charge. The question presented by Banks' appeal is whether the offenses should all have

been transferred to the Juvenile Court and, if not, whether it was proper for the Circuit Court to retain jurisdiction of any charge not listed in § 9-27-318(b)(1).

We hold the Circuit Court should have dismissed the charges of offenses not listed in § 9-27-318(b)(1) for lack of jurisdiction. We remand the case for a second hearing on whether the aggravated robbery charge should have been transferred to the Juvenile Court.

The decision of the Circuit Court to retain jurisdiction of all the charges against Banks was made at the conclusion of a hearing on Banks's motion to transfer all the charges to the Juvenile Court. In response to the Court's inquiry the prosecutor stated the facts to be proved by the State.

Larry Ball and Eric Coffman were using the pay telephone at a shopping center parking area. They saw two young black men in this same parking lot standing outside a car. While Ball and Coffman were walking back to their car, they were approached by Banks and Andrew Harris. After some conversation, Harris pushed Coffman and ripped a gold chain from Coffman's neck and struck Coffman in the mouth with his fist. Harris and Banks ran back to their car. Banks pulled a shotgun from the car and brandished it toward Ball and Coffman.

Ball and Coffman drove their car to another parking lot where they found Officer King. They told King what had happened, and King turned on his blue lights and approached the car being driven by Banks in which Harris was a passenger. Banks and Harris sped away, and King gave chase. Harris repeatedly fired a shotgun at King's police vehicle. The chase ended when Banks lost control and King's vehicle collided with the car being driven by Banks. King had ducked down in the seat of his car to avoid the shotgun fire at the conclusion of the chase. Banks and Harris were caught by other officers who had arrived at the scene about the time of the crash.

## 1. Jurisdiction

The jurisdiction of the Juvenile Court is prescribed in Ark. Code Ann. § 9-27-306 (Repl. 1991). The parts of that law relevant to this case provide:

(a) The juvenile court shall have exclusive original jurisdiction of and shall be the sole court for the following proceedings governed by this subchapter:

(1) Proceedings in which a juvenile is alleged to be delinquent or dependent-neglected as defined in this subchapter; . . . .

"Juvenile" is defined in Ark. Code Ann. § 9-27-303 (Repl. 1991) as follows (relevant part only):

"Juvenile" means an individual who:

(A) Is under the age of eighteen (18) years, whether married or single;

"Delinquent juvenile" is defined in Ark. Code Ann. § 9-27-303(11) as:

any juvenile ten (10) years or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state.

The proceedings in this case were not ones in which a juvenile was "alleged to be delinquent." Therefore, we cannot say the Juvenile Court had exclusive jurisdiction of the charges solely on the basis of § 9-27-306. Looking further, however, we find Ark. Code Ann. § 9-27-318(b)(1) (Repl. 1991) which provides:

When a case involves a juvenile age fourteen (14) years or fifteen (15) years at the time the alleged delinquent act occurred, the prosecuting attorney has the discretion to file charges in circuit court for an alleged act which constitutes capital murder, murder in the first degree, murder in the second degree, kidnapping in the first degree, aggravated robbery, or rape.

Although not yet codified, Act 903 of 1991 added first degree battery to the list.

Reading §§ 9-27-306 and 9-27-318(b)(1) together, it becomes clear to us that the Juvenile Court has exclusive jurisdiction of all of the offenses charged against a juvenile with

the exception of those listed in § 9-27-318(b)(1). Thus, the only offense charged against Banks of which the Circuit Court could properly retain jurisdiction was aggravated robbery.

The authorities cited by the State include *Robidoux v. Coker,* 383 So.2d 719 (Fla App. 1980). There, the Florida Court of Appeals, considering a juvenile code similar to ours dismissed charges not listed among those for which a juvenile could be tried as an adult. The Florida law permitted trial as an adult of a juvenile charged with an offense punishable by death or life imprisonment. The juvenile was charged with armed robbery, attempted murder, and aggravated assault. Armed robbery was punishable by life imprisonment or death, but attempted murder and aggravated assault were not. In dismissing the latter two charges, the Florida Court of Appeals wrote:

> While it might be more convenient to dispose of all three counts involved herein in one judicial proceeding in the adult division, we do not believe the fact that the attempted murder and aggravated assault charges arose out of the same incident as the life felony charge of armed robbery is sufficient to allow adult jurisdiction.

The only other cases cited by the State on this point are from California and North Carolina. *Matter of Shanea J.,* 198 Cal. Rptr. 228 (Cal. App. 2d Dist. 1984); *Matter of Ford,* 272 S.E. 2d 157 (N.C. App. 1980). The State concedes they are not on point because the juvenile codes in those states are not like the Arkansas Juvenile Code. They provide for concurrent jurisdiction of juvenile and other courts.

In the course of discussing the ruling, the Trial Court referred to *Britt* v. *State,* 261 Ark. 488, 549 S.W.2d 84 (1977), as his basis for keeping jurisdiction of all the charges but permitting the jury to consider only one or two of them. The *Britt* case stands for the proposition that when the acts charged against a defendant do not constitute a continuing course of conduct they may be charged separately. The case has no application to these facts, as we have no doubt that aggravated robbery, fleeing, and attempted capital murder, as charged, were not part of a continuing offense like non-support and promoting prostitution, the examples given in the *Britt* case. We also have held that theft and aggravated robbery may both be charged because they are separate crimes,

having separate elements, even though they may have been committed at the same time. *Higgens* v. *State,* 270 Ark. 19, 603 S.W.2d 401 (1980). We are unaware of any decision of this Court which would require all of these offenses to be tried together, and even if there were such a decision, it would not alter our conclusion on the jurisdiction question.

As the Circuit Court lacks jurisdiction of all of the offenses charged other than aggravated robbery, they must be dismissed.

## 2. *Transfer*

Banks asks that his case be transferred to Juvenile Court. Given our conclusion that the attempted capital murder, fleeing, and theft charges must be dismissed, that leaves only the aggravated robbery charge as the subject of Banks's request. His argument for transfer is three-fold. First, he notes that the Circuit Court insisted that to sever the aggravated robbery from the other charges would leave each of the courts with an incomplete view of the incident. Trying all charges in Juvenile Court would cure that problem. Second, he contends that the Circuit Court had before it his counsel's "proffer" of evidence that he is an immature first offender who accompanied an older person, age 16, of low mental ability on the escapade, and the State presented no evidence other than the violent nature of the crime charged. Although Banks is alleged to have brandished a weapon, it is not alleged that he did any of the shooting. Third, he argues the trial court retained jurisdiction on the basis that the prosecutor had the right to bring charges in Circuit Court rather than on the basis of the criteria stated in Ark. Code Ann. § 9-27-318(e) (Repl. 1991) as follows:

> In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:
>
> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
>
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past

efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Subsection (f) provides: "Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect."

At the hearing on Banks's motion, Banks's counsel had assembled witnesses to testify with respect to the items addressed in § 9-27-318(e). The Court refused to hear the testimony.

MR. MARCZUK [defense counsel]: Your Honor, I was hoping not to only get counts two, three and four transferred because — He was involved obviously allegedly by the State's facts in this aggravated robbery. But I was hoping to put on these witnesses today to try to talk you into transferring the whole thing to Juvenile.

THE COURT: I understand what they're here for. They want me to transfer this to Juvenile because he's a pretty good kid and he's a pretty good bet and he hasn't been in trouble before and all that sort of thing. But that's not my function. My function is to decide whether or not the prosecutor has the right to try to prosecute them in Circuit Court and to punish them accordingly as adults. That is a discretionary thing and it's not—It's not an absolute thing that the Court can deny. And I'm inclined to permit that when the prosecutor feels it's appropriate in a case, absent some testimony to the contrary. And I will listen to what they have to say. But I'm going to be more inclined to grant it on the basis of lack of substantive proof rather than just what some friends and neighbors and teachers and counselors think would be in the best interest because I see that as just as bias on that part as it is a bias on the prosecutor's part. They want to punish them as adults and they think that there's an opportunity to salvage them.

But you've got some rather serious criminal conduct alleged here. And, if he is guilty, then I don't find anything wrong with him being punished as an adult. If he's not

guilty, then you've got another matter. If they find him not guilty, then what would be — Suppose I submit only the aggravated robbery to the jury and they find him not guilty of that. And there's a possibility of that under the facts of this case. Then would you want to transfer the other lesser included or underlying conduct to Juvenile and let him plead guilty to those out there? Of course not. You're going to say jeopardy's attached.

So what I see, Lou, is not what's necessarily good for you nor not what's necessarily good for the State. I see a responsibility on the part of the Court to take the facts as they may be developed here and see where there's wrong, if there is wrong, and to get all this young man's exposure into one ball of wax. If he beats the aggravated robbery, he may walk free. If he doesn't, he may get some punishment.

So, I don't want to — I'm not going to tell you you can't put these people on and have them testify. But I've considered everything that you've told me that they would testify in this to already.

MR. MARCZUK: Well, I would like to have — Well, if I can paraphrase, they are going to say he's of borderline mental capabilities.

THE COURT: Now, wait a minute. I'm not going to listen to that. If you want to tell me he's not guilty by reason of mental defect or disease, then fine. But, now, if you're — I'll have to enter an Act Three and we'll get him examined. On the other hand, if they're going to say he's borderline mentally retarded, that is not a defense. And I wouldn't listen to it on a motion to transfer because Mrs. LaRue should have the opportunity to come in and have an Act Three done and say, "Well, he's responsible." And I don't intend to demean that at all. But you know, Lou, that we've got people with I.Q.'s of fifty in the Department of Correction for life. And, you know, that's a sad and unfortunate fact. I don't know what his I.Q. is.

But the Court is not — The Court is not impressed with, "Don't send me to the penitentiary for killing this man because I've got an I.Q. that's dull." It is not

justification that you have a dull I.Q. in murder or rape or robbery or kidnapping or what have you. It's just not. Total incompetency is. But dullness in not.

I would not hear that without Mrs. LaRue having a chance to rebut it on a motion to transfer to Juvenile. Now, if you want me to hear it, I'll be glad to. And I'll be glad to have Dr. White test him or whatever you want to do.

MR. MARCZUK: Well, I understand the position you're in. But, just reading from the statute here — I know you know the statute and you've had a chance to refresh your memory — you're supposed to make your decision based on the prior history, the repetitive nature of it, the violence of the crime obviously. And, then, after you've heard this evidence, if it's clear and convincing that he should be tried as an adult, then you make your order. That's why I brought all these folks today.

THE COURT: And I have heard all that testimony. You have told me this is the only time he's been in trouble. Right?

Okay. I've heard that.

You've told me that all these counselors and all these people out here think he's a fine guy. He's a little bit slow, a little bit dull. But they think that he would be better served if it were transferred to Juvenile. Right?

MR. MARCZUK: Yes, sir.

THE COURT: Okay, I've heard that. I've denied it. I think that under the facts and the circumstances in this case, if they are as Mrs. LaRue says and if she can prove that, then she has a right and I'm going to permit her to try and convince a jury to send him to the Department of Correction. I don't know for how much. Maybe only aggravated robbery. But I am at this point willing to let her have the entire events and circumstances developed in order to show what happened out there.

■ While the Court's remarks were unclear, it is apparent the decision was made on the basis that the issue being considered was whether there was strong proof of aggravated robbery rather

than the statutory criteria for transferring the case to Juvenile Court about which the witnesses might have testified. Some of the Court's remarks indicate the conclusion that the prosecutor's discretion in charging the case in Circuit Court is absolute. If the latter was the basis of the Court's decision, it was erroneous. In *Pennington* v. *State,* 305 Ark. 312, 807 S.W.2d 660 (1991), we held that such deference to the discretion of the prosecutor "defeats the purpose of of the Arkansas Juvenile Code which recognizes the need for careful, case-by-case evaluation when juveniles are charged with criminal offenses."

In *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991), this Court held that a circuit court could decline to transfer a charge of first degree murder to a juvenile court if, after considering the statutory criteria, the court, in its discretion, found clear and convincing evidence that the juvenile should be tried as an adult. The only evidence presented by the State was the charge which evinced the seriousness of the offense alleged and the violent nature of it. The difference between the *Walker* case and this one is that there the Trial Court listened to the evidence presented by Walker and made the decision on the basis of the statutory criteria. Here, although the court acknowledged the presence of the witnesses and said what he thought they would say, the evidence was not heard. Rather than hearing testimony on the statutory criteria for transfer, the Court made the references quoted above.

We decline to order the case transferred to the Juvenile Court because, given the abuse of discretion standard this Court applied in the *Walker* case, we cannot say that case clearly should have been transferred. The trial court should, however, have made a decision whether to transfer only after hearing evidence relating to the statutory criteria. We, therefore, remand the case for another hearing.

Reversed and remanded.