The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75501
Dear Senator Dowd:
This is in response to your request for an opinion regarding juveniles, particularly in relation to the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§25-19-101—107 (Repl. 1992).
Attached to your request is a copy of a newspaper article regarding the recent Arkansas Supreme Court decision in TrouttBrothers, Inc. v. Emison, 311 Ark. 27, S.W.2d (1992). The Court in Troutt Brothers held that juvenile detention facility logs and booking sheets were subject to public disclosure. The case involved a newspaper editor's request of a sheriff's department, pursuant to the FOIA, to provide the names of three juveniles who had recently escaped from the juvenile detention facility. The Court noted that none of the three individuals had been charged in the juvenile division of chancery court at the time the issue arose, and, therefore, no juvenile proceedings had been commenced pursuant to A.C.A. § 9-27-310. A deputy of the sheriff's department responding to the request indicated that he understood the law to be that the names of juvenile offenders were not to be released and, accordingly, did not divulge the names. The newspaper filed suit, asking that the names and the logs and booking sheets be made public information. The trial court concluded that the public policy in favor of keeping juveniles' names confidential outweighed the public policy represented by the FOIA, and thus found no violation of the Act. The Supreme Court reversed, however, noting that there is no Arkansas statute specifically providing for the exemption of the names of juveniles arrested for felonies, but not charged as delinquent juveniles. Accordingly, it held that in that case, the logs and booking sheets of juvenile detention facilities are subject to public disclosure under the FOIA.
You have noted that as a result of the Troutt Brothers
decision, local law enforcement and juvenile officers have asked you for guidance with regard to their obligation to release juvenile records. Your questions are set out below and answered in the order posed.
 1. What are the age brackets and crimes for which juveniles under the age of 18 may be charged as either adults or juveniles?
The charging decision with regard to juvenile matters is governed by A.C.A. § 9-27-318 (Repl. 1991). The juvenile court has exclusive jurisdiction of all of the offenses charged against a juvenile, with the exception of those listed in subsection (b)(1) of § 9-27-318. See Banks v. State, 306 Ark. 273,813 S.W.2d 256 (1991). Waiver of juvenile court jurisdiction and transfer to a circuit court is not available when a case involves a juvenile who is (1) less than age fourteen at the time the alleged delinquent act occurred; (2) less than age eighteen at the time the alleged delinquent act occurred and the alleged act would not constitute a felony if committed by an adult; or (3) age fourteen or age fifteen and the alleged act, if committed by an adult, would constitute a misdemeanor or a felony, other than those felonies specifically enumerated in subsection (b)(1) of §9-27-318. See A.C.A. § 9-27-318(a). Subsection (b)(1) states that when a case involves a juvenile who is age fourteen or fifteen at the time the alleged delinquent act occurred, the prosecuting attorney has the discretion to file charges in circuit court for an alleged act which constitutes capital murder, murder in the first degree, murder in the second degree, kidnapping in the first degree, aggravated robbery, rape, or battery in the first degree. A.C.A. § 9-27-318(b)(1). When a case involves a juvenile who is age sixteen years or above at the time the alleged delinquent act occurred and the alleged act would constitute a felony if committed by an adult, the prosecuting attorney has the discretion to file a petition in juvenile court alleging delinquency or to file charges in circuit court and then prosecute as an adult. A.C.A. § 9-27-318(c). The judge of the court in which a delinquency petition or criminal charges have been filed shall conduct a hearing, upon the motion of the court or of any party, to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction. A.C.A. § 9-27-318(d). Section 9-27-318(e) sets out the factors to be considered by the judge in making the decision to retain jurisdiction or to transfer the case.
 2. What information are law enforcement officers obligated to release pursuant to a Freedom of Information Act request on individuals who can be charged as adults? What obligations do law enforcement officers have, if any, to release any information on juveniles below the age limit for which they can be charged as adults?
This question was addressed, in part, by Op. Att'y Gen. 92-237, a copy of which is enclosed. This opinion concluded, with regard to the issue of accessibility of investigative files of individuals who may be charged in either juvenile or circuit court, that it is not the juvenile status of a defendant that controls the release decision. Rather, the controlling questions are whether the investigative files are closed (i.e., there is no open and ongoing investigation) and whether a protective order has been entered by the court. Once a law enforcement investigation is considered closed, records compiled pursuant thereto would generally be accessible under the FOIA. Reference should be made as well to A.C.A. § 9-27-309, which allows a court to seal records pertaining to juveniles.
Additionally, as you have noted, the case of Troutt Brothers,Inc. v. Emison, supra, requires the release of logs and booking sheets of juvenile detention facilities where no charges have been filed and thus no juvenile proceedings have been commenced. The possibility of a court order restricting release of the records must be considered if such proceedings have been commenced. And see Op. Att'y Gen. 92-330, a copy of which is enclosed, with regard to the release of arrest reports of juveniles.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
Enclosures