Frankie WEBB *v.* STATE of Arkansas

94-332                                               886 S.W.2d 624

Supreme Court of Arkansas
Opinion delivered November 7, 1994

*Bill Luppen*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for respondent.

DONALD L. CORBIN, Justice. This is a petition for writ of prohibition filed by Frankie Webb, a juvenile defendant charged with one count of first degree battery in the Pulaski County Circuit Court, seeking to prevent the continuance of that proceeding. Petitioner argues jurisdiction of this case properly lies in the Pulaski County Chancery Court, Juvenile Division ("juvenile court"), not in circuit court. Jurisdiction of this petition is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We grant the writ.

On June 14, 1993, petitioner, then aged fourteen years, allegedly committed certain acts which were the basis for the state charging him, by information filed in circuit court on September 7, 1993, with four counts of terroristic act. Petitioner moved the circuit court to transfer his case to juvenile court for lack of jurisdiction. On December 7, 1993, the state filed an amended information charging petitioner with one count of first degree battery in addition to four counts of terroristic act. After a hearing, the circuit court granted the motion to transfer on January 11, 1994.

Also on January 11, 1994, the state filed a delinquency petition in juvenile court charging petitioner with three counts of terroristic act; the other two counts (the fourth count of terroristic act and the single count of first degree battery) charged in the December 1993 amended information were not included in the delinquency petition. On January 13, 1994, the state made a motion for *nolle prosequi* with respect to the three counts included in the delinquency petition, at which time the juvenile court indi-

cated, in open court, that it was going to grant the motion, entering its written order on January 24, 1994. No other action was taken by the state in juvenile court. Petitioner has filed a direct appeal from the order granting the motion for *nolle prosequi*, which appeal is pending with the court of appeals.

Also on January 13, 1994, the state again charged petitioner by a new information filed in circuit court with the single count of first degree battery which is at issue. No other offenses were charged. Petitioner unsuccessfully moved the circuit court to dismiss the case for lack of jurisdiction. Petitioner then filed this petition for a writ of prohibition.

■■ The jurisdiction of the juvenile court is exclusive and original with respect to all offenses charged against a juvenile who is aged fourteen years at the time of the commission of those offenses, with the exception of those offenses enumerated at Ark. Code Ann. § 9-27-318(b)(1) (Repl. 1993). *Banks* v. *State*, 306 Ark. 273, 813 S.W.2d 257 (1991). Those enumerated offenses include first degree battery, but do not include terroristic act. With respect to any enumerated offense, the state has discretion to file its charges either by delinquency petition in the juvenile court or by information in the circuit court. In the event an enumerated offense is charged in the circuit court, that court is then required to proceed as follows:

> (2) The circuit court shall hold a hearing within ninety (90) days of the filing of charges to determine whether to retain jurisdiction of the juvenile in circuit court *or to waive jurisdiction and transfer the case to juvenile court.*

Ark. Code Ann. § 9-27-318(b)(2) (Repl. 1993) (emphasis added). In this case, the December 1993 amended information added the enumerated offense of first degree battery. At that point, the circuit court acquired jurisdiction of the case as to the battery count. *Walker* v. *State*, 309 Ark. 23, 827 S.W.2d 637 (1992)[1]. In the express language of the statute, the circuit court's subsequent transfer order then effectuated the court's determination "to waive

---

[1]With respect to the terroristic act counts, the juvenile court had exclusive original jurisdiction. Ark. Code Ann. § 9-27-306 (Repl. 1993); Section 9-27-318. Thus the state had no discretion to file those counts in the circuit court and that court should have dismissed them. *Banks*, 306 Ark. 273, 813 S.W.2d 257.

jurisdiction and transfer the case to juvenile court." Section 9-27-318(b)(2).

■ Focusing on the waiver element of the transfer order, we construe the term "jurisdiction," as used in section 9-27-318(b)(2), to denote jurisdiction of the person of the juvenile, based on our reading of the entirety of the quoted statutory language. The term "waiver" is defined to mean "the renunciation, repudiation, abandonment, or surrender of some claim, right, privilege, or of the opportunity to take advantage of some defect, irregularity, or wrong." *Black's Law Dictionary* (6th ed. 1990). The plain meaning of the statute is that the circuit court deliberately relinquished or lost its jurisdiction of petitioner by virtue of the operation of the waiver element of the transfer order. It is equally evident that petitioner has not chosen to reconfer jurisdiction of him in this matter to the circuit court by his consent. Further, we are aware of no authority, and are cited to none, which holds that the circuit court's *in personam* jurisdiction of the juvenile, once surrendered pursuant to a valid hearing on the motion to transfer, may be reconferred upon the transferor court simply by the state's unilateral action of there refiling its charges against that juvenile. *See, e.g., Kent* v. *United States*, 383 U.S. 541 (1966); Charles A. Buss, *Waiver of Jurisdiction in Wisconsin Juvenile Courts*, 1968 Wis. L. Rev. 551 (1968).

■ Focusing on the transfer element of the transfer order, we hold that the "case" transferred, within the meaning of section 9-27-318(b)(2), in this instance, consisted of a direct transfer of the first degree battery charge to the juvenile court. *See, e.g., Walker*, 309 Ark. 23, 827 S.W.2d 637; *Banks*, 306 Ark. 273, 813 S.W.2d 257. In so holding, we are aware of no statutory authority requiring the state to refile its charge in the transferee court to complete the transfer of the case. In fact, we note that the statutes of our juvenile court clearly support our conclusion that a direct transfer of the case is effected by the transfer order in that the transfer of the case, viewed from the perspective of the transferor court, in the language of section 9-27-318(b)(2) ("transfer the case to juvenile court"), is mirrored in the language of Ark. Code Ann. § 9-27-310(a) (Repl. 1993) which provides, from the perspective of the transferee court, that proceedings in juvenile court "shall be commenced by filing a petition with the clerk of the chancery court *or by transfer by another court.*"

(Emphasis added.) Finally, we note that the concept of the transfer of cases between the criminal and the juvenile courts has been central to our jurisprudence with respect to juvenile proceedings for many years, and that at least one earlier statute, Ark. Stat. Ann. § 45-241 (Repl. 1964) (Acts of 1953, No. 263, Section 1), clearly delineated the consequence of an order transferring a juvenile's case from circuit court to juvenile court, reading in pertinent part, as follows:

> When any child under fifteen (15) years of age is charged in the Circuit Courts of this State with any felony, the Circuit Court or the Judge thereof where such charge is pending, may, at his discretion order and direct that *the criminal charge and the file and record thereof be transferred to the Juvenile Court* of the County where the charge is pending, for such disposition as the Juvenile Court may adjudge and determine. [Emphasis added.]

In its responsive brief, the state argues the transfer order does not automatically transfer the first degree battery charge from circuit court to juvenile court because that construction of section 9-27-318 would invalidate the statute on constitutional grounds by impermissibly intruding upon the state's prosecutorial discretion to control the filing of criminal charges, thus violating the separation of powers guarantee. The state contends, instead, that the transfer order merely transfers the judicial forum in which the state will exercise its prosecutorial discretion regarding what accusations shall be made. We reject the state's argument, noting initially that it would have been made more appropriately by a direct appeal from the circuit court's transfer order. Although such orders are interlocutory in nature, they are appealable by statute. *State* v. *Hatton,* 315 Ark. 583, 868 S.W.2d 492 (1994); *see also* Ark. Code Ann. § 9-27-318(h) (Repl. 1993). The state, however, did not choose to appeal the transfer order, opting instead to attempt to prosecute this case in its chosen forum by the circuitous path it has followed back to circuit court.

In support of its constitutional attack, the state cites us to three cases: *State* v. *Murphy,* 315 Ark. 68, 864 S.W.2d 842 (1993) (case remanded for resentencing where trial judge dismissed prior felony charges, on its own motion and over state's objection, for purposes of sentencing); *Simpson* v. *State,* 310 Ark. 493, 837

S.W.2d 475 (1992) (no error committed where trial judge refused to order prosecutor to amend information to charge a lesser felony); and *Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800 (1992) (trial judge committed error in amending cause of death as charged in the information without being requested to do so by the state). These cases are neither persuasive authority for the state's argument nor relevant to the instant case for the reason that no charge filed here by the state was amended by either court involved.

■ The operation of section 9-27-318 did not violate the state's constitutionally-protected duties or the separation of powers doctrine because it did not interfere with the state's choice of which charges to file against petitioner. Indeed, the operation of this statute underscores the importance of the prosecutor's choice in charging because, as we have stated, "our General Assembly has not based court assignment in juvenile cases upon the nature of the offense 'committed' but upon what the prosecutor chooses to charge." *Walker*, 309 Ark. 23, 28, 827 S.W.2d. 637, 640. However, as we have stated, what the prosecutor chooses to charge in the circuit court with respect to a juvenile is not necessarily determinative of the forum for trial. As we have stated, that decision rests with the circuit court, and, indeed, if the court merely defers to the prosecutor's judgment in the matter:

> Such action on the part of the trial court defeats the purpose of the Arkansas Juvenile Code which recognizes the need for careful, case-by-case evaluation when juveniles are charged with criminal offenses. Section 9-27-318 clearly delegates the responsibility for determining which court is most appropriate to the court in which the charges were brought, and the abdication of this responsibility to the prosecutor . . . was an abuse of the court's discretion.

*Pennington* v. *State*, 305 Ark. 312, 315, 807 S.W.2d 660, 662 (1991).

■ We find that, in consequence of its order to transfer this case to juvenile court, the circuit court is now without jurisdiction as to this juvenile and this charge. It further appearing that there are no disputed facts or other adequate remedy in this case, the writ of prohibition is clearly warranted. *State* v. *Pulaski County Circuit-Chancery Court*, 316 Ark. 473, 872 S.W.2d 854 (1994). The writ is granted.