STATE of Arkansas *v.* Laronne Marco GRAY

CR 94-870                                          891 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered January 30, 1995

---

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

No response.

DONALD L. CORBIN, Justice. Appellant, the State of Arkansas, appeals the order of the Desha County Circuit Court dismissing the felony information filed on August 24, 1993 against appellee, Laronne Marco Gray, a juvenile defendant, charging him with one count of burglary, a Class B felony, and one count of theft of property valued in excess of $200.00, a Class C felony. These offenses arose from appellee's alleged conduct on June 23, 1993, at which time he was on probation by order of the Desha County Chancery Court, Juvenile Division, having been there adjudicated a delinquent on March 9, 1993 as a result of other crimes. Appellee's motion to dismiss was based on double jeopardy grounds and was predicated on a juvenile court proceeding, conducted on August 19, 1993, to revoke his probation. On appeal, the state argues jeopardy did not attach by virtue of the August 1993 juvenile court proceeding. Because resolution of this appeal requires our construction of Ark. R. Crim. P. 36.10(b) and (c), the rules governing appeals by the state from final judgments, jurisdiction of this appeal is in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). *State* v. *Long*, 311 Ark. 248, 844 S.W.2d 302 (1992). We hold this appeal does not satisfy the requirements of Rule 36.10, and dismiss it.

The facts of this case are not disputed. On March 9, 1993, the juvenile court adjudged appellee a delinquent due to certain acts which he committed on December 30, 1992 and January 7, 1993. The juvenile court placed appellee on supervised probation until November 5, 1994, subject to conditions, and committed

him to the state's Division of Youth Services, but suspended the commitment sentence.

On June 18, 1993, the state filed a petition to revoke that probation. The petition was twice amended. Each of the amended petitions included, among other reasons for revocation, the offenses allegedly committed by appellee on June 23, 1993. On August 19, 1993, a hearing was held on the second amended revocation petition. Appellee appeared and was represented by legal counsel. He pleaded guilty to all of the offenses alleged as reasons for revocation, including the offenses of June 23, 1993. Also on August 19, 1993, the juvenile court entered its "Order of Commitment" finding the allegations included in the state's second amended petition were true, adjudging appellee a delinquent because he had committed numerous offenses, including the offenses of June 23, 1993, and, finally, committing appellee to the state's Division of Children and Family Services.

On August 24, 1993, the state filed the contested felony information. There is no dispute that the offenses of June 23, 1993 listed in the juvenile court's Order of Commitment and the offenses charged in the circuit court felony information arose from the same conduct. In January 1994, appellee filed his motion to dismiss on the basis of double jeopardy by reason of the juvenile court's Order of Commitment; the state responded that jeopardy had not attached. The circuit court entered an order on May 17, 1994 granting the motion to dismiss the felony information as barred by double jeopardy. This appeal by the state arises therefrom.

The threshold issue in this case is whether the state is permitted to appeal the circuit court's order of dismissal. We note initially that no brief or other response was filed by appellee in this appeal. Although the issue was not raised by the parties, we have a duty to raise this question as it is a matter of subject matter jurisdiction. *State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). Rule 36.10(c) permits an appeal by the state to this court from a final order where the attorney general is satisfied that prejudicial error has been committed with respect to the state and that review is required for the correct and uniform administration of the criminal law. We find these requirements are not satisfied, hence the appeal must be dismissed.

■■ As noted, the conduct upon which the felony information is based occurred on June 23, 1993. Appellee, born July 23, 1977, was then *fifteen* years old. This court has stated that jurisdiction of the juvenile court is exclusive and original with respect to all offenses charged against a juvenile who is *fourteen* years old at the time of the commission of those offenses, with the exception of certain offenses enumerated in Ark. Code Ann. § 9-27-318(b)(1) (Repl. 1991). *Banks* v. *State*, 306 Ark. 273, 813 S.W.2d 256 (1991). The same law applies to juveniles who are *fifteen* years old at the time of the commission of the alleged offenses. *See* Ark. Code Ann. §§ 9-27-318(a) and (b). The offenses enumerated in section 9-27-318 which the state may choose to charge in circuit court against a fifteen-year-old defendant do not include the offenses charged in the contested felony information.[1] Hence, the circuit court lacked jurisdiction of the offenses charged against appellee in that instrument, and should have dismissed the felony information on that basis. *Banks*, 306 Ark. 273, 813 S.W.2d 256.

■ On these facts, we cannot say the state has been prejudiced by the circuit court's dismissal of the felony information, nor can we find that review of this case is required for the correct and uniform administration of the criminal law in view of the fact that the state brought its charges against appellee in the wrong court. For the foregoing reasons, the state has failed to satisfy Rule 36.10. Because we can ascertain no basis for jurisdiction of this appeal in this court, we dismiss it without considering its merits.

---

[1] As noted in the *Banks* decision, section 9-27-318 was amended by Act 903 of 1991. Thereafter section 9-27-318 was further amended by Act 1189 of 1993, and Acts 39 and 40 of 1994 (2nd Extraordinary Session). None of these amendments adds the offenses charged in the felony information in the instant case to the list of enumerated offenses which the state may choose to charge in circuit court against a fifteen-year-old defendant.