Raymond ROSARIO *v.* STATE of Arkansas

94-843                                            894 S.W.2d 888

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*William R. Simpson, Jr.*, Public Defender, by: *Phyllis A. Edwards*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Raymond Rosario, appeals an order of the Pulaski County Chancery Court, Juvenile Division, filed March 14, 1994, adjudicating him a delinquent for one count of possession of a handgun, a Class A misdemeanor, in violation of Ark. Code Ann. § 5-73-119 (Repl. 1993). Because this appeal requires our construction and interpretation of statutory provisions pertaining to the jurisdiction of the juvenile court in delinquency proceedings, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We find the juvenile court had jurisdiction of this case and affirm the trial court's ruling.

The facts in this case are not disputed. The state filed a petition dated February 23, 1994 in juvenile court charging appellant, a minor, with one count of "the crime of violating Arkansas Code Annotated 05-73-119, HANDGUNS - POSSESSION BY MINOR, A CLASS A MISDEMEANOR" arising from his possession on February 19, 1994 of a Davis .380 caliber automatic pistol. Appellant's conduct occurred on 35th Street near Valley View in North Little Rock, according to the trial testimony of the arresting officer.

Appellant filed a pretrial motion to dismiss the petition for lack of jurisdiction; the motion was denied. On March 10, 1994, at the bench trial of this cause, appellant renewed his dismissal motion. The motion was again denied, and appellant was found guilty as charged. On March 14, 1994, the juvenile court's order adjudicating appellant's delinquency was filed, and, on April 13, 1994, its disposition order was filed.

In October 1994, the state filed a motion to dismiss this appeal based on alleged errors in appellant's notice of appeal. By letter order dated October 31, 1994, this court denied the state's motion and ruled that the appeal be "treated as a belated appeal of the March 10, 1993 [sic] order." Thus this appeal is taken from the juvenile court's order rendered in open court on March 10, 1994 and filed on March 14, 1994.

Appellant's sole point for reversal is that the juvenile court erred in denying his motion to dismiss for lack of jurisdiction. The juvenile court's jurisdiction derives from Amendment 67 to the Constitution of Arkansas, which provides:

> The General Assembly shall define jurisdiction of matters relating to juveniles (persons under eighteen (18) years of age) and matters relating to bastardy and may confer such jurisdiction upon chancery, circuit or probate courts, or upon separate divisions of such courts, or may establish separate juvenile courts upon which such jurisdiction may be conferred, and shall transfer to such courts the jurisdiction over bastardy and juvenile matters now vested in county courts by Section 28 of Article 7 of this Constitution.

Among the statutes implementing this constitutional grant of

jurisdiction is Act 273 of 1989, codified as Ark. Code Ann. §§ 9-27-301 to -368 (Repl. 1993), known as the "Arkansas Juvenile Code of 1989." Section 9-27-306 sets forth the jurisdiction of the juvenile courts, in pertinent part, as follows:

(a) *The juvenile court shall have exclusive original jurisdiction of and shall be the sole court for the following proceedings* governed by this subchapter:

(1) *Proceedings in which a juvenile is alleged to be delinquent* or dependent-neglect as defined in this subchapter[.] [Emphasis added.]

The definitions section of the juvenile code does not define the term "delinquent," although it defines the term "delinquent juvenile" as follows:

(11) "Delinquent juvenile" means any juvenile ten (10) years or older *who has committed an act* other than a traffic offense or game and fish violation *which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state.* [Emphasis added.]

Section 9-27-303.

Applying these statutes to the instant case, we observe appellant was adjudicated a delinquent because he committed the act of possession of a handgun as a minor, which act is criminalized by section 5-73-119(a)(1)(A) in these words: "No person in this state under the age of eighteen (18) years shall possess a handgun." We find no statute, however, which criminalizes the act of possession of a handgun as an adult, absent proof of additional elements of the crime, none of which are applicable in this case. *See* section 5-73-119(a)(2) (possession of a handgun by any person *on public school property, on a school bus or at a school bus stop*); section 5-73-119(a)(3) (possession of a handgun by any person *on property of state-supported higher education facility or in vehicle or otherwise readily available for use against a person*); Ark. Code Ann. § 5-73-120 (Repl. 1993) (possession of a handgun by any person *with a purpose to employ it as a weapon against a person*).

Under a strict construction of sections 9-27-303(11) and 9-27-306(a), then, we would conclude that the juvenile court lacked jurisdiction of appellant's delinquency adjudication because it was grounded on a particular act (possession of a handgun by a person under age 18 years) which, if committed by an adult, would *not* subject the adult to prosecution. Said another way, pursuant to the foregoing analysis, we would conclude the juvenile court lacked jurisdiction of appellant's delinquency adjudication because it was based on an act which may punish no one other than a juvenile.

Plainly, this construction of sections 9-27-303(11) and 9-27-306(a) achieves an absurd result that was not intended by the General Assembly. Statutory construction requires a common-sense approach. *Hutton* v. *Arkansas Dep't of Human Servs.*, 303 Ark. 512, 798 S.W.2d 418 (1990). It would defy common sense to find that the General Assembly, by means of its definition of the term "delinquent juvenile," intended to exclude from the juvenile court's jurisdiction delinquency adjudications based on a juvenile's simple possession of a handgun, when a plethora of more violent offenses are clearly within its jurisdiction. *See, e.g.*, Ark. Code Ann. § 9-27-318.

And, in fact, shortly after appellant's case was decided, the General Assembly amended section 9-27-303(11) to redefine the term "juvenile delinquent" to read as follows:

> (11) "Delinquent juvenile" means any juvenile ten (10) years or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state, *or who has violated* § 5-73-119. [Emphasis added.]

Acts 11 and 36 of the Second Extraordinary Session of 1994. This amendment was enacted by emergency clause, effective August 22, 1994, in these words:

> SECTION 5. EMERGENCY. It is hereby found and determined by the Seventy-Ninth General Assembly of the State of Arkansas, meeting in the Second Extraordinary Session of 1994, that *the current definition of "delinquent*

*juvenile" in the Juvenile Code does not include a juvenile
who possesses a handgun and, possession of a handgun
being a delinquent act, it is necessary immediately to amend
the definition.* Therefore, in order to amend the definition
of "delinquent juvenile" to include a juvenile who pos-
sesses a handgun, an emergency is hereby declared to exist
and this act being necessary for the immediate preserva-
tion of the public peace, health and safety shall be in full
force and effect from and after its passage and approval.
[Emphasis added.]

This court adheres to the basic rule of statutory con-
struction which is to give effect to the intent of the legislature,
making use of common sense. *S.T. and C.B.* v. *State*, 318 Ark.
499, 885 S.W.2d 885 (1994). Although this court is hesitant to
interpret a legislative act in a manner contrary to its express lan-
guage, this court must do so when it is clear that a drafting error
or omission circumvents legislative intent. *State* v. *McLeod*, 318
Ark. 781, 888 S.W.2d 639 (1994); *Neely* v. *State*, 317 Ark. 312,
877 S.W.2d 589 (1994). To this end, we have acknowledged that
changes made by subsequent amendments to the statute may be
helpful in determining legislative intent. *State* v. *McLeod*, 318
Ark. 781, 888 S.W.2d 639; *S.T. and C.B.* v. *State*, 318 Ark. 499,
885 S.W.2d 885.

In this case, we find that the intent of the General
Assembly was to include violations of section 5-73-119 as delin-
quent acts, and that the omission of the language "or who has
violated § 5-73-119" in the statutory definition of "delinquent
juvenile" which was enacted in 1989 was a drafting error which
was corrected by the 1994 legislation. To find otherwise would
override the General Assembly's obvious intent in this matter as
stated in the emergency clause quoted above. We will not inter-
pret our statutes to reach a result contrary to the clear intent of
the legislature. *S.T.* v. *State*, 318 Ark. 499, 885 S.W.2d 885.

Finally, we refer to our decision known as *Lucas*
v. *State*, 319 Ark. 752, 894 S.W.2d 891 (1995), also handed
down today. In *Lucas*, on facts nearly identical to those of the
instant case, we raised the identical issue presented in the
instant case, the juvenile court's jurisdiction of a delinquency
adjudication for a violation of section 5-73-119(a)(1)(A), and

held that the juvenile court did have jurisdiction. We reasoned in *Lucas* that, regardless of whether or not an adult is vulnerable to prosecution for mere possession of a handgun, the General Assembly clearly made possession of a handgun a misdemeanor offense for a minor, and placed jurisdiction of the offense in the juvenile court, under the plain language of section 9-27-305. Section 9-27-305 provides that any juvenile may be subjected to the care, custody, control, and jurisdiction of the juvenile court. In addition, we again confirmed in *Lucas* that, pursuant to section 9-27-318, the General Assembly granted to the juvenile court exclusive jurisdiction of all offenses charged against a juvenile, other than those offenses specifically excepted in that statute. *State* v. *Gray*, 319 Ark. 356, 891 S.W.2d 376 (1995); *Webb* v. *State*, 318 Ark. 581, 886 S.W.2d 624 (1994); *Banks* v. *State*, 306 Ark. 273, 813 S.W.2d 256 (1991). A violation of section 5-73-119(a)(1)(A) is not an offense which is excepted from the juvenile court's exclusive jurisdiction under section 9-27-318. Our reasoning and conclusion, as stated in *Lucas*, that the juvenile court has jurisdiction of delinquency adjudications based on a violation of section 5-73-119(a)(1)(A) is also applicable to the instant case.

For the reasons stated above, we find that the juvenile court had jurisdiction of the instant case. The trial court's order is affirmed.