Terrance JONES *v.* STATE of Arkansas

94-1084                                                894 S.W.2d 591

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*Williams Warren*, Chancellor; affirmed.

*William R. Simpson, Jr.*, Public Defender, by: *Fernando Padilla*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Terrance Jones, appeals the judgment of the Juvenile Division of the Pulaski County Chancery Court adjudicating him a delinquent for, *inter alia*, one count of minor in possession of a handgun in violation of Ark. Code Ann. § 5-73-119(a)(1)(A) (Repl. 1993), and the disposition order committing him to the Division of Youth Services. His sole point for reversal is that the juvenile court was without jurisdiction to adjudicate him a delinquent on the charge of minor in possession of a handgun. We find no merit to his argument and affirm.

■ Appellant was adjudicated a delinquent by an order entered May 4, 1994. In addition to the handgun charge now at issue, appellant was also adjudicated a delinquent on a charge of disorderly conduct. After undergoing evaluation at the State Hospital, he was committed to the custody of the Department of Human Services, Division of Youth Services, by ordered entered July 25, 1994. We observe that there is nothing in the record indicating appellant objected to the juvenile court's jurisdiction in the proceedings below. However, his argument for reversal is a jurisdictional one that this court will address even in the absence of an objection below. Indeed, it is an argument this court will raise on its own. *Lucas* v. *State*, 319 Ark. 752, 894 S.W.2d 891 (1995).

Appellant contends that when section 5-73-119(a)(1)(A) is construed in tandem with the grant of jurisdiction to juvenile courts in Ark. Code Ann. § 9-27-306(a)(1) (Repl. 1993) and the definition of "delinquent juvenile" in Ark. Code Ann. § 9-27-303(11) (Repl. 1993), it is clear and unambiguous that the juvenile court lacked jurisdiction of the handgun charge against him because the conduct criminalized by section 5-73-119(a)(1)(A) is not an act that would subject an adult to prosecution. He argues that because the statutes are clear and unambiguous, we must give the statutes their plain and ordinary meaning.

■ We have recently rejected the jurisdictional argument advanced by appellant in this appeal. In *Rosario* v. *State*, 319 Ark. 764, 894 S.W.2d 888 (1995), and *Lucas*, 319 Ark. 752, 894

S.W.2d 891, we held we would not construe the Arkansas Juvenile Code of 1989 to achieve absurd results patently contrary to the clear legislative intent expressed in Ark. Code Ann. § 9-27-305 (Repl. 1993) to subject any juvenile to the jurisdiction of the juvenile court. *Rosario* and *Lucas* are controlling of the present case. For the reasons stated in those two cases, juvenile courts have jurisdiction to adjudicate charges under section 5-73-119(a)(1)(A).

Accordingly, we affirm the judgment and disposition.