The Honorable Rita W. Gruber The Honorable Joyce Williams Warren The Honorable Wiley A. Branton, Jr. Circuit/Chancery Judges Juvenile Division 3001 W. Roosevelt Road Little Rock, Arkansas 72204
Dear Judges Gruber, Warren, and Branton:
This is in response to your request for an opinion on the jurisdiction of juvenile courts to adjudicate cases of "day curfew"[1] violations by juveniles. You state that most curfew laws are city ordinances and that as such, "the current practice is that any time a minor is cited for a violation of the local city curfew ordinance, that city's municipal court adjudicates the case and enters the appropriate sentence." You state that the "juveniles do not appear in Juvenile Court on solely curfew violations." You state, however, that it has come to your attention that a local city attorney may be questioning the "constitutionality" of this practice. You therefore ask my opinion with regard to "which court has jurisdiction and if either court has jurisdiction, which one would be the most appropriate court to adjudicate and enter sentences on day curfew violations.
RESPONSE
The issue is not entirely clear from a reading of the relevant Arkansas statutes and could benefit from legislative clarification. In my opinion, however, a court faced with the question would in all likelihood determine that jurisdiction of such cases lies in juvenile court.
It is necessary as an initial matter to set out the relevant statutes addressing the jurisdiction of municipal courts and juvenile courts.
The General Assembly is authorized to invest municipal courts with certain jurisdiction. See Arkansas Constitution, art. 7 §§ 1 and 43, and Amendment 64. Pursuant to this authority, the General Assembly has adopted A.C.A. § 16-17-704, which provides in pertinent part as follows:
 (a) The municipal court shall have original jurisdiction, coextensive with the county wherein the court is situated, over the following matters:
 (1) Exclusive of justices of the peace and of the circuit court, over violations of all ordinances passed by the city council of the city or quorum court of the county wherein the municipal court is situated[.]
This statute, originally enacted in 1987 and later amended in 1993 and 1997, clearly gives municipal courts jurisdiction of city ordinance violations. It states that such jurisdiction is exclusive of justices of the peace and of circuit courts. No mention is made, however, of the jurisdiction being exclusive of chancery courts or their juvenile divisions. See A.C.A. § 16-13-602.
The jurisdiction of juvenile courts is set out in several separate provisions of the Arkansas Code. Amendment 67 to the Arkansas Constitution states that the General Assembly shall define jurisdiction of matters relating to juveniles and "may confer such jurisdiction upon chancery, circuit or probate courts, or upon separate divisions of such courts, or may establish separate juvenile courts upon which such jurisdiction may be conferred. . . ." In this regard A.C.A. § 16-13-602 creates a separate division of chancery court in each judicial district to be know as the juvenile division. Section 16-63-603 is entitled "Jurisdiction — Court of Record" and it provides that:
 (a)(1) The juvenile division of chancery court shall be a trial court, with original and exclusive jurisdiction in the counties in which it sits, of all juvenile dependency-neglect matters, families in need of services, juvenile delinquency, paternity, and such other juvenile matters as may be provided by law. . . .
Juvenile court jurisdiction is also addressed in the "Arkansas Juvenile Code of 1989." Two important statutes in this regard are A.C.A. §§9-27-305 and 306, which provide respectively that:
 [A.C.A. § 9-27-305] Any juvenile within this state may be subjected to the care, custody, control, and jurisdiction of the juvenile court.
 (a) [A.C.A. § 9-27-306] The juvenile court shall have exclusive original jurisdiction of and shall be the sole court for the following proceedings governed by this subchapter:
 (1) Proceedings in which a juvenile is alleged to be delinquent or dependent-neglected as defined in this subchapter;
 (2) Proceedings in which a family is alleged to be in need of services as defined in this subchapter[.]
The definitions of "delinquent juvenile" and "family in need of services" are set out at A.C.A. § 9-27-303 (14) and (20) (Supp. 1999), respectively:
(14) "Delinquent juvenile" means any juvenile:
 (A) Ten years old or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state, or who has violated § 5-73-119[.][2]
 (20) "Family in need of services" means any family whose juvenile evidences behavior which includes, but is not limited to, the following:
 (A) Being habitually and without justification absent from school while subject to compulsory school attendance;
 (B) Being habitually disobedient to the reasonable and lawful commands of his parent, guardian, or custodian; or
 (C) Having absented himself from his home without sufficient cause, permission, or justification.
A final statute addressing the jurisdiction of juvenile court is A.C.A. § 9-27-318 (Supp. 1999). It provides in pertinent part that:
 (a) A juvenile court has exclusive jurisdiction when a delinquency case involves a juvenile:
 (1) Fifteen (15) years of age or younger when the alleged delinquent act occurred, except as provided by subdivision (c)(2)[3] of this section; or
 (2) Less than eighteen (18) years old when he engages in conduct that, if committed by an adult, would be any misdemeanor.
The relevant statutes pertaining to juvenile court do not specifically address city ordinance violations or municipal court at all. The statutes are simply silent on this point. Neither does the relevant statute on municipal court jurisdiction address offenses committed by juveniles. Legislative clarification of the question posed is therefore advisable.
In my opinion, however, exclusive jurisdiction of "delinquency cases" (absent the commission of a serious crime of the type properly cognizable in circuit court) and "family in need of services cases" is placed in juvenile court. The pertinent statutes, however, appear to beg the question of what cases are to be brought as "delinquency cases." Section9-27-306 gives the juvenile court exclusive jurisdiction of cases in which a juvenile is "alleged to be delinquent." Only the prosecuting attorney[4] can bring a "delinquency petition." A.C.A. §9-27-310(b)(1). Section 9-27-318 gives the juvenile court exclusive jurisdiction when a "delinquency case" involves a juvenile of a certain age who commits a certain crime or crimes. To elaborate, the juvenile court has exclusive jurisdiction when a "delinquency case" involves a juvenile 15 years of age or younger, except for certain enumerated serious crimes. A.C.A. § 9-27-318 (a)(1) (Supp. 1999). In addition, the juvenile court has exclusive jurisdiction when a "delinquency case" involves a juvenile less than 18 when he engages in conduct that, if committed by an adult, would be any misdemeanor. A.C.A. § 9-27-318 (a)(2) (Supp. 1999). "Violations," as opposed to felonies or misdemeanors, are not addressed. Additionally, the relevant statutes do not define a "delinquency case." The pertinent definition is of a "delinquent juvenile." A.C.A. § 9-27-303 (14) (Supp. 1999).
The resolution of whether a particular "day curfew" ordinance violation would bring a juvenile within the definition of a "delinquent juvenile" may depend upon the particular provisions of the ordinance in question. A pertinent question would be whether the particular ordinance in fact subjects the juvenile to prosecution. The answer to this question may vary from ordinance to ordinance.[5] If the ordinance imposes criminal punishment on the juvenile, some general conclusions may be reached about whether a juvenile committing such act could be classified as a "delinquent juvenile."[6] Again, the pertinent definition states as follows:
(14) "Delinquent juvenile" means any juvenile:
 Ten years old or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state, or who has violated § 5-73-119[.]
Three questions arise in determining whether a "day curfew" violation by a juvenile falls within the definition above: 1) whether a "day curfew" violation is a "traffic offense; 2) whether the act of violating the "day curfew" ordinance would subject an adult to prosecution; and 3) whether a violation of a "day curfew" ordinance would subject such adult to prosecution for a violation "under the applicable criminal laws of this state" within the meaning of the language above.
An analogous question to the last question posed above was discussed in Op. Att'y. Gen. 91-164. In that opinion, my predecessor concluded that juveniles given citations for violating a city ordinance against "loitering" should be adjudicated in juvenile court as opposed to municipal court. An issue arose as to whether violation of a city ordinance was a violation of the "applicable criminal laws of this state" for purposes of the definition of a "delinquent juvenile" above. My predecessor concluded that it was, citing A.C.A. § 5-1-108 and5-1-102(20), which define "violation" and" statute" respectively. These definitions include city ordinances. I concur in the conclusion reached in Opinion 91-164. The mere fact that the offense is a city ordinance violation does not exclude it from the definition of "delinquent juvenile" above. It can still be a "violation under the applicable criminal laws of this state. . . ."
The remaining issues are whether a "day curfew" violation is a "traffic offense" and whether an adult would be subjected to prosecution therefor. Again, the question may depend upon the provisions of the individual ordinance.
It is my opinion as a general matter, however, that a "day curfew" violation is not a "traffic offense." That term has been defined by the Arkansas Supreme Court to mean "a violation of a law regulating the operation of a vehicle on a roadway." Robinson v. Sutterfield,302 Ark. 7, 786 S.W.2d 572 (1990). See also however, Sanders v. State,312 Ark. 11, 846 S.W.2d 651 (1993) (stating that the court in Robinson said nothing to limit "traffic offense" to only those involving use of a roadway). Again, the issue may depend upon the particular provisions of an individual "day curfew" ordinance. As a general matter, however, in my opinion violation of a "day curfew" ordinance is not a "traffic offense" because the ordinance does not have as it aim the promotion of the orderly and safe flow of traffic. See e.g., Dembicer v. Pawtucket Cabinet Builders Finish Co., 58 R.I. 451, 193 A. 622, 625 (1937) (defining "traffic regulations"). The legislative purpose is not targeted at theoperation of a vehicle, or even at the safe and efficient flow of traffic, whether vehicular or pedestrian. "Day curfew" ordinances have an altogether different aim, which is to regulate the whereabouts of juveniles when they are supposed to be in school. This legislative goal involves safeguarding the general health, safety and welfare of juveniles and the public at large. It is not particularly concerned with the orderly and safe flow of "traffic." In my opinion, therefore, a violation of a "day curfew" ordinance is not a "traffic violation."
Lastly, the question of whether violation of a "day curfew" ordinance would subject an adult to prosecution for the same act may depend upon the provisions of a particular ordinance. In most all cases, however, a curfew ordinance, at least in part, will prohibit certain conduct or acts that may only be committed by juveniles. A curfew ordinance regulating the whereabouts of juveniles by definition describes a juvenile crime.[7]
A violation thereof would thus appear to be excluded by the plain definition of "delinquent juvenile" in A.C.A. § 9-27-303 (14), because the same act would not subject an adult to prosecution. Case law of the Arkansas Supreme Court, however, rejects this notion.
An analogous question was addressed in three cases decided by the Arkansas Supreme Court in 1995. In each of Rosario v. State,319 Ark. 764, 894 S.W.2d 888 (1995); Jones v. State, 319 Ark. 762,894 S.W.2d 591 (1995); and Lucas v. State,319 Ark. 752, 894 S.W.2d 891 (1995), the court held that a juvenile charged with "minor in possession of a handgun" could be adjudicated in juvenile court notwithstanding the fact that an adult could not be prosecuted for the same act. In Rosario, the court stated:
 Under a strict construction of sections 9-27-303 [14] and 9-27-306(a), then, we would conclude that the juvenile court lacked jurisdiction of appellant's delinquency adjudication because it was grounded on a particular act (possession of a handgun by a person under age 18 years) which, if committed by an adult, would not subject the adult to prosecution. Said another way, pursuant to the foregoing analysis, we would conclude that the juvenile court lacked jurisdiction of appellant's delinquency adjudication because it was based on an act which may punish no one other than a juvenile.
 Plainly, this construction of sections 9-27-303 [14] and 9-27-306(a) achieves an absurd result that was not intended by the General Assembly. Statutory construction requires a common sense approach. Hutton v. Arkansas Dep't of Human Servs., 303 Ark. 512, 798 S.W.2d 418
(1990). It would defy common sense to find that the General Assembly, by means of its definition of the term "delinquent juvenile," intended to exclude from the juvenile court's jurisdiction delinquency adjudications based on a juvenile's simple possession of a handgun, when a plethora of more violent offenses are clearly within its jurisdiction. See.e.g., Ark. Code Ann. § 9-27-318.
Rosario, supra at 768.
The court in Rosario also referred to its decision in State v. Lucas,supra, and stated that "we again confirmed in Lucas that, pursuant to section 9-27-318, the General Assembly granted to the juvenile court exclusive jurisdiction of all offenses charged against a juvenile, other than those offenses specifically excluded in that statute." Id. at 770. Section 9-27-318, of course, defines jurisdiction between the juvenile and circuit courts. It does not mention municipal courts or "violations" as opposed to felonies and misdemeanors. In my opinion, however, the Arkansas Supreme Court has echoed a legislative preference that less serious crimes committed by juveniles are placed within the jurisdiction of the juvenile court, unless excepted from that jurisdiction by the Juvenile Code. Unless the offense is a "traffic offense" or a game and fish violation, or the type of serious crime authorizing jurisdiction in the circuit court, in my opinion a juvenile "day curfew" violation is exclusively cognizable in juvenile court.
It is of course within the power of the legislature to define the jurisdiction of the juvenile and municipal courts. The legislature may place jurisdiction of city ordinance violations, including curfew violations, in municipal court. At this date the legislature has not seen fit to do so.[8] It is my opinion, absent legislative clarification, that the Arkansas Supreme Court would, if faced with the question, conclude that jurisdiction of juvenile curfew violations is placed in juvenile court.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It is my understanding that a "day curfew" restriction is similar in many respects to regular nighttime curfew restriction for juveniles, but regulates the whereabouts of juveniles during normal school hours.See e.g., Little Rock City Code § 17.5-24(b).
[2] Section 5-73-119 regulates the possession of handguns by minors and the possession of handguns by persons on school property.
[3] Subdivision (c)(2) of A.C.A. § 9-27-318 grants concurrent jurisdiction to the juvenile and circuit courts over certain serious crimes committed by 14 and 15 year-olds.
[4] "Prosecuting attorney" can include a city prosecuting attorney. A.C.A. § 9-27-303 (33) (Supp. 1999).
[5] I do not, in the issuance of formal Attorney General opinions, undertake the construction of local ordinances. See e.g., Op. Att'y. Gen. 99-068. See also, Ops. Att'y. Gen. 99-036; 99-088; 99-136; and 99-146. As a state officer representing state officials, I am not in a position to gauge the intention of local officials in the passage of such ordinances. That is a matter properly left to local officers charged with such duty, or to the judicial branch.
[6] If the ordinance in question does not impose criminal penalties on the juvenile, it is possible that the offense could give rise to a "family in need of services" petition, rather than a delinquency petition.
[7] Some curfew ordinances may also contain provisions punishing the juvenile's parents for separate conduct in allowing the curfew violation.
[8] The legislature has adopted a dual jurisdiction scheme for truancy cases involving juveniles. Such cases may be tried in juvenile court, or in some cases, in another court of competent jurisdiction. See A.C.A. §6-18-222 (Supp. 1999).