The Honorable Dave Bisbee State Representative 14068 Pyramid Drive Rogers, Arkansas 72758
Dear Representative Bisbee:
This is in response to your request for an opinion regarding the local board of a community college. Specifically, you have asked for an opinion on the following three questions:
 1. Under A.C.A. § 6-61-529, if a board of directors of a community college adopted a resolution within sixty days after April 19, 1995, choosing to remain an elected board and that community college district does not have a ten percent or greater population in any one racial minority according to the 1990 federal decennial census, and a subsequent federal decennial census demonstrates that the community college district has a ten percent or greater population in any one racial minority, will the provisions of § 6-61-529(c) apply to that district thereafter?
 2. If the local board of a community college failed to adopt a resolution within sixty days after April 19, 1995, choosing either to remain elected or to be appointed, did the failure to act constitute choosing to remain an elected board for purposes of § 6-61-529(c)?
 3. In instances where the board is not required to be zoned, may the board of directors of a community college district establish zones within the district in which members of the board must reside even though all directors are elected at-large?
It is my opinion that the answer to your first and second questions is "yes," and the answer to your third question is "no."
RESPONSE
Question 1 — Under A.C.A. § 6-61-529, if a board of directors of acommunity college adopted a resolution within sixty days after April 19,1995, choosing to remain an elected board and that community collegedistrict does not have a ten percent or greater population in any oneracial minority according to the 1990 federal decennial census, and asubsequent federal decennial census demonstrates that the communitycollege district has a ten percent or greater population in any oneracial minority, will the provisions of § 6-61-529(c) apply to thatdistrict thereafter?
It is my opinion that the answer to your question is "yes." Arkansas Code Annotated § 6-61-529 (Repl. 1996) provides in part:
 (a)(1) Within sixty (60) days after April 19, 1995, the local board of each community college shall, by resolution, choose:
(A) To continue as a board whose members are elected; or
 (B) To become a newly constituted board whose members are appointed by the Governor under the provisions of this section.
 (2) The board of the local community college shall immediately thereafter notify the Governor of its decision.
 (b)(1)(A) If the local community college board chooses to become an appointed board, . . .
 (c)(1) If the local community college board chooses to remain an elected board, beginning with the 1996 general election, the qualified electors of a community college district having a ten percent (10%) or greater population in any one (1) racial minority, as reported by the most recent federal decennial census information, shall elect the members of the local board as follows, utilizing selection procedures in compliance with the federal Voting Rights Act of 1965, as amended:
 (A) At least ninety (90) days before the election, the local board shall, with approval of the county board of election commissioners of any county in which the community college is located, divide the district into nine (9) zones, or the local board may, by resolution, utilize existing quorum court districts. Zones shall have substantially equal population, with boundaries based on the most recent available federal decennial census information;
 (B) A candidate for election from a zone or a quorum court district must be a qualified elector and a resident of the zone or district.
(2)(A) A board member shall serve a six-year term . . .
 (3)(A) After each federal decennial census and at least ninety (90) days before the general election, the local board shall, with approval of the county board of election commissioners of any county in which the community college is located, divide the district into nine (9) zones, or the local board may, by resolution, utilize quorum court districts. The zones or quorum court districts shall be based on the most recent federal decennial census information and be substantially equal in population.
 (B) At the general election following the rezoning, a new local board shall be elected in accordance with procedures set forth in this section.
The Arkansas Supreme Court has stated that the first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.Mountain Home Sch. Dist. v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74
(1993). The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. Id. Where the language of a statute is plain and unambiguous, the court will determine legislative intent from the ordinary meaning of the language used. Id.
In short, § 6-61-529(c) provides that if the local community college board chooses to remain an elected board, the qualified electors of any district having a ten percent or greater population in any one racial minority, as reported by the most recent federal decennial census information, shall elect the members of the board in accordance with the statute. It is, therefore, my opinion that § 6-61-529 plainly provides that the election requirements in paragraph (c) apply to any local board (1) that chooses to remain elected and (2) that is located in a district in which the qualified electors of the district have a ten percent or greater population in any one racial minority as reported by the most recent federal decennial census information. The language of the statute contemplates that, if the board has chosen to remain elected, the election provisions may become applicable pursuant to a future federal decennial census, i.e. "the most recent federal decennial census."
Accordingly, it is my opinion that if, at any time, the "most recent federal decennial census information" indicates that the district has a ten percent or greater population in any one racial minority, then a local board that chose to remain elected must elect its members as provided in the statute. It is my opinion that this conclusion is supported by § 6-61-529(c)(3)(A). Section 6-61-529(c)(3)(A) contemplates that a review will be conducted after each federal decennial census.[1]
Finally, it is my opinion that the above conclusion is supported by the principle that statutory construction requires a common-sense approach.Hutton v. Ark. Dept. of Human Serv., 303 Ark. 512, 798 S.W.2d 418
(1990). It would defy common sense to conclude that the General Assembly intended for the election procedures to apply only to those local boards that, at the time the act was passed, were in a district that had a ten percent or greater population in any one racial minority according to the federal decennial census information. Thus, it is my opinion that the provisions of § 6-61-529(c) will apply to a district that a later federal decennial census indicates has a ten percent or greater population in any one racial minority even though the district did not have a ten percent or greater population in any one racial minority according to the 1990 federal decennial census information.
Question 2 — If the local board of a community college failed to adopt aresolution within sixty days after April 19, 1995, choosing either toremain elected or to be appointed, did the failure to act constitutechoosing to remain an elected board for purposes of § 6-61-529(c)?
It is my opinion that if a local board failed to timely choose, by resolution, to either continue as an elected board or to become an appointed board, then the board "chose" to remain an elected board for purposes of § 6-61-529(c). Initially, it must be noted that any local board that failed to timely choose by resolution is in violation of §6-61-529. The statute provides that the local board of each community college "shall, by resolution, choose." The Arkansas Supreme Court has held that the word "shall," when used in a statute, means the legislature intended mandatory compliance unless such an interpretation would lead to absurdity. Campbell v. State, 311 Ark. 641, 846 S.W.2d 639 (1993). The statute, however, does not contain an enforcement mechanism.
The statute simply does not contain a provision regarding the consequences of a local board's failure to choose by resolution. Nevertheless, it is my opinion that any board that failed to timely choose, by resolution, to become an appointed board in effect chose to remain an elected board for purposes of § 6-61-529(c). Act 560 of 1977 vested local control of each community college in a local board; the act provided that the members of the board were to be elected by the qualified electors of the community college district. See A.C.A. § 6-61-520 (Repl. 1996). Act 1349 of 1995 (now codified as § 6-61-529) was entitled: "An act to create an option for local community college board members to be appointed by the Governor or to be elected under the provisions of §6-61-520 or this act; to declare an emergency; and for other purposes." When the meaning of a statute is ambiguous, a court will look at either the title or the emergency clause, or both, in order to determine legislative intent. Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538
(1995). According to the title of the act, it is clear that the intent of the legislature was to provide a local board with the option of becoming an appointed board or being elected under the provisions of either §6-61-520 or § 6-61-529. In addition, common sense and the mandatory language of the statute dictate that the legislature intended for the local boards to choose either to become appointed boards or to be elective boards pursuant to § 6-61-529(c), if applicable. If the local board chooses to remain an elected board, the qualified electors of any district having a ten percent or greater population in any one racial minority shall elect the members of the board in accordance with the statute. It would defy common sense to conclude that the General Assembly intended to grant local boards the option of remaining an elective board that was not required to comply with the election provisions of §6-61-529(c) even though the racial minority requirements were satisfied. Such a conclusion would also render the mandatory language of the statute meaningless. A statute should be construed so that no word is void, superfluous, or insignificant, and meaning and effect must be given to every word contained therein, if possible. Locke v. Cook Cook,245 Ark. 787, 434 S.W.2d 598 (1968).
Question 3 — In instances where the board is not required to be zoned,may the board of directors of a community college district establishzones within the district in which members of the board must reside eventhough all directors are elected at-large?
It is my opinion that the answer to this question is "no." If a local board chooses to remain an elected board and the qualified electors of the district have a ten percent or greater population in any one racial minority, as reported by the most recent federal decennial census information, then the members of the board must be elected in accordance with § 6-61-529(c). See A.C.A. § 6-61-529(c). Section 6-61-529, however, is silent regarding the election requirements for a local board that chooses to remain an elected board, but does not satisfy the racial minority requirements.
It is, nevertheless, my opinion that a local board that chooses to remain elected remains governed by A.C.A. § 6-61-520 until such time as the qualified electors of the district have a ten percent or greater population in any one racial minority. At the time § 6-61-529 was enacted, the members of a local board were elected in accordance with §6-61-520. According to the title of Act 1349, the local boards may be elected "under the provisions of § 6-61-520 or this act." Further, although Act 1349 of 1995 repealed "all laws and parts of laws in conflict with this act," the election requirements of the act are not applicable until the racial minority requirements are satisfied. Therefore, the election requirements of § 6-61-520 do not conflict with § 6-61-529 unless the racial minority requirements are satisfied. The Arkansas Supreme Court has held that a basic and fundamental rule when considering the effect of statutes is that repeal by implication is not favored and is never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together. Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994).
In short, the General Assembly has provided two methods for the election of local board's; section 6-61-529(c) is applicable if the racial minority requirements of that section are satisfied and § 6-61-520 is applicable if the racial minority requirements are not satisfied. It is my understanding from your question that § 6-61-529(c) is not applicable because the district does not have a ten percent or greater population in any one racial minority. Section 6-61-520 provides that the members of the board simply must be residents and qualified electors of the community college district. A.C.A. § 6-61-520(a). Although candidates for membership on the local board run by position, there is no specific residency requirement for a specified position. It is my opinion that the additional requirement that a candidate be a resident of a specific zone, even though the directors are still elected at-large, would add an additional residency requirement inconsistent with § 6-61-520. A local community college board is created by the authority of the legislature; therefore, they derive all their powers from the source of their creation, except where the Arkansas Constitution otherwise provides. Seegenerally Haynes v. Faulkner County, 326 Ark. 557, ___ S.W.2d ___ (1996). The local boards have not been granted the power to modify the residency requirements.[2] Consequently, it is my opinion that a local board may not establish a residency requirement that is not provided for by the applicable statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It should be noted that Act 1349 of 1995, now codified as A.C.A. §6-61-529, contained an additional provision that provided: "At the first meeting of a new local board, the members shall establish initial terms by lot[.]" Section 6-61-529(c)(3)(A) provides that "a new local board" shall be elected following a rezoning.
[2] It should be noted that in reaching this decision, I have considered A.C.A. § 6-61-521(13) (14) (Repl. 1996). Section6-61-521(13) provides that the local board may make rules and regulationsnot inconsistent with the provisions of . . . § 6-61-520 . . . as are necessary for the proper administration and operation of the community college. Section 6-61-521(14) provides that the local board may exercise all other powers not inconsistent with the provisions of . . . § 6-61-520
. . . which may be reasonably necessary to the establishment, maintenance, and operation of a community college.