ROBINSON *v.* MERRITT, JUDGE.

5-1579                                        314 S. W. 2d 214

Opinion delivered June 16, 1958.

*Paul K. Roberts,* for petitioner.

*Clifton Bond,* for respondent.

CARLETON HARRIS, Chief Justice. This is a petition praying this Court to issue its Writ of Prohibition, directed to the Probate Court of Bradley County, prohibiting said court from taking further testimony in the cause, hereinafter discussed. Petitioner was the appellant in the case of *Bobbie Jean Robinson* v. *George W. Hammons,* 228 Ark. 329, 307 S. W. 2d 857. George W. Hammons was serving as guardian of the person and estate of Bobbie Jean Robinson. On June 24, 1952, Hammons filed his verified account, in which he charged himself with $1,325 and took credit for various amounts, including $338 paid for the burial of petitioner's grandfather, and a total of $876.08 paid out in cash and checks to petitioner on various occasions. Petitioner, by her next friend, filed exceptions to the account, claiming that a certain receipt for $50 was a forgery, and that the book of receipts presented by the guardian, and purportedly signed by petitioner, was incorrect for various reasons. The trial court disallowed the $50 item, but allowed all the other claimed credits. On appeal, this Court allowed the item of burial expense,[1] but stated "as to the other expenditures, it was error for the trial court to allow the guardian credit on the showing made in this record. * * * Under the above state of the record, we think the trial court erred in allowing all of the credits in controversy. * * * The cause is therefore reversed and remanded with directions to proceed further not inconsistent with the views herein set forth."

On January 27, 1958, the Bradley Probate Court entered its order on the mandate, vacating so much of its decree allowing credits in Hammons' final accounting as has been disallowed by this Court, and directing a further hearing on such items. The petition for Writ of Prohibition followed.

---

[1] Bobbie Jean, upon becoming of age, ratified this expenditure.

Petitioner contends that the doctrine of *res judicata* applies, pointing out that the questions to be heard are identical with those tried on January 28, 1957, that the parties are identical, the guardian has had his day in court, and this matter has already been finally adjudicated.

Let it first be pointed out that this is not a proper case for Prohibition. As stated in *Corpus Juris Secundum*, Vol. 73, paragraph 8, page 26:

"In general, three things are necessary to justify the issuance of a writ of prohibition; that the court, officer, or person against whom it is directed is about to exercise judicial or quasi-judicial power, that the exercise of such power by such court, officer, or person is unauthorized by law, and that it will result in injury for which there is no other adequate remedy.

\* \* \*

The writ ordinarily issues only to prevent great impending present injury or extraordinary hardship, or where the public good demands, or to prevent some great outrage on the settled principles of law and procedure; unless it is shown that injury would result from the act sought to be prohibited, or that damage is likely to follow such act, prohibition will not lie."

Our own cases denote the same view. In *Lowery, Administrator* v. *Steel, Chancellor,* 215 Ark. 240, 219 S. W. 2d 932, this Court said:

" 'The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Order of Railway Conductors of America* v. *Bandy, Judge,* 177 Ark. 694, 8 S. W. 2d 448, and cases cited.' *Merchants & Planters Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421, and 'The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is

wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction.' *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13.''

See also *McClendon* v. *Wood, Judge,* 125 Ark. 155, 188 S. W. 6. In the instant matter, even if petitioner's assertion that this litigation has already been finally adjudicated, should be correct, the writ sought would not lie. There is no great impending injury, nor extraordinary hardship, and the contention here asserted, could be as well asserted on appeal. In other words, the remedy by appeal is adequate.

The petition is thus disposed of, but to possibly preclude another appeal based on the same contention, we deem it well to state our actual intention at the time of rendering the opinion in *Robinson* v. *Hammons, supra.* Possibly such intent could have been stated with more clarity, but when the language is considered, we think it clear that the cause was remanded for further proof relative to the credits claimed by the guardian. We stated ''It was error for the trial court to allow the guardian credit on the showing made in *this record.*'', and remanded the cause with directions ''to proceed further not inconsistent with the views herein set forth.'' Of course, if we had simply intended to disallow the items, finally and irrevocably, there would have been no occasion to remand, for there would have been nothing left with which to ''proceed further.'' We would simply have allowed the funeral bill of $338, and disallowed the other items. Petitioner states in her brief, ''If this court affirmed the $338 item, then this court disaffirmed all the other expenditures. This court could not affirm one item and remand all the others back for further hearing.'' We disagree with this conclusion. While it is true that Chancery and Probate cases are generally determined on the basis of the record before us on a first appeal, occasionally some cases are remanded for further proof where it would appear that the ends of justice require such action. Such procedure, though not the usual action, has been followed in numerous cases by this Court. As stated in American Jurisprudence, Vol. 3, page 712, Sec. 1210:

"It may be stated as a general rule that when the record is in such shape that the appellate court cannot in justice determine what final judgment should be rendered, the case will be remanded for such further proceedings as may be necessary in the trial court, or it may be remanded with directions for further proceedings in conformity to the opinion of the reviewing court, or for proceedings not inconsistent therewith."

Also, in *Corpus Juris Secundum,* Vol. 5, page 1447, Sec. 1934, we find:

"The nature and extent of the proceedings which will be ordered upon a reversal and remand is a matter largely within the discretion of the appellate court, which will be exercised according to the exigencies or circumstances of the particular case . * * * Indeed, the directions, instructions, and limitations, imposed or given may be such that the subsequent proceedings in the lower court, whether or not denominated a new trial, fall short of being a full and unrestricted new trial of the original issues."

Still further, in Sec. 1935, page 1448:

"Whether by reason of statutory provision or otherwise, it is generally held that an appellate court, on remanding a cause, may in its discretion either grant a complete new trial or restrict or limit the purpose of the proceedings or the issues to be tried in the lower court, according to which course is demanded by the circumstances or the ends of justice."

The petition is denied.

Justices McFADDIN and ROBINSON concur.