Cecil REDD *v.* Melvin SOSSAMON, Ben Frank and
Gerald Cook, Individually and as Members of
the Saline County Election Commission

93-673 868 S.W.2d 466

Arkansas Supreme Court
Opinion delivered January 18, 1994
[Rehearing denied February 28, 1994.]

*John I. Purtle*, for appellant.

*Richard A. Garrett*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant Cecil Redd and other members of an unincorporated association of citizens circulated a proposed measure for submission to the voters of Saline County at the November 3, 1992 general election. They labeled the measure an "initiated act," but its stated purpose was to "repeal Saline County Quorum Court Ordinance #90-22." The county clerk certified there were sufficient signatures to place the matter on the ballot, but immediately filed suit for declaratory judgment in chancery court as to the sufficiency of the petition. The chancery court ruled that the petition was not sufficient and ordered that the measure not be placed on the ballot because it was an attempt at referendum of a county ordinance, and, pursuant to Amendment 7 and statutes enacted pursuant thereto, was untimely. The referendum petitions were not filed until more than two years after the ordinance 90-22 was enacted. There was no appeal from the ruling of the chancery court, and the county election commission did not place the proposal on the ballot. At the general election, appellant and some others wrote in the proposed ballot title and voted for the repeal measure.

Subsequent to the election, appellant filed a petition for writ of mandamus in circuit court and sought to mandate the election commissioners to count the votes on the matter and to declare whether the "initiated act" had passed or failed. The basis of appellant's argument is that the action of the chancery court was void and the votes must be counted because Ark. Code Ann. § 14-14-917(d) (1987), in part, provides:

> If the board of election commissioners fails or refuses to submit a proposed initiative or referendum ordinance when it is properly petitioned and certified as sufficient, the qualified electors of the county may vote for or against the ordinance or measure by writing or stamping on their ballots the proposed ballot title, followed by the word "FOR" OR "AGAINST," and a majority of the votes so cast shall be sufficient to adopt or reject the proposed ordinance.

The circuit court ruled that a writ of mandamus would not lie. We affirm.

A writ of mandamus will not be issued to establish

a right. Rather, the extraordinary writ is issued only to enforce a right that is already established. *Springdale Bd. of Educ.* v. *Bowman,* 294 Ark. 66, 740 S.W.2d 909 (1987). Before the writ is issued, the petitioner must show a clear, certain, specific, or established legal right, and the absence of any other adequate legal remedy. *Wells* v. *Purcell,* 267 Ark. 456, 592 S.W.2d 100 (1979). The writ may not be used to determine in advance what the petitioner's rights are or what the action to be taken shall be. *Bunting* v. *Tedford,* 261 Ark. 638, 550 S.W.2d 459 (1977). In this case, petitioner is attempting to establish that the declaratory judgment of the chancery court is void, that the proposed measure was timely submitted and sufficient as an initiated measure, rather than as a referendum, and, after those matters are established, that he is entitled to mandamus. Undoubtedly, he is not attempting to enforce a right that is already clearly established.

Petitioner's action in this case may be likened to that taken by a school teacher in a case in which the teacher sought a writ of mandamus to order the school district to pay $75.00 owed to him as salary. His petition was predicated upon establishing the $75.00 debt. We held that mandamus would not be granted to compel the district to pay the debt until after the debt was established by judgment. *School Dist. No. 3* v. *Bodenhamer,* 43 Ark. 140 (1884).

We affirm the denial of the extraordinary writ.