T.J., a Minor By and Through Luwalhati Admana Johnson,
His Mother and Legal Guardian, Next Friend, and Attorney  *v.*
Virginia HARGROVE, Personally and as School Teacher;
Molly Acuff-Wilroth, Personally and as School Teacher;
and Curtis Spann, Personally and as Principal, Helen Tyson
Middle School, Springdale, Arkansas

04-1055                                      210 S.W.3d 79

Supreme Court of Arkansas
Opinion delivered June 16, 2005

*Luwalhati Admana Johnson*, for appellant.

*Cypert, Crouch, Clark, & Harwell* by: *Charles L. Harwell*, for appellees.

JIM GUNTER, Justice. This appeal arises from an order from the Washington County Circuit Court granting a motion to dismiss filed by appellees, Virginia Hargrove, Molly Acuff-Wilroth, and Curtis Spann, pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief could be granted, in response to a petition for writ of mandamus filed by appellant, T.J., a minor, by and through his mother and attorney, Luwalhati Admana Johnson. T.J. appeals the trial court's order of dismissal. We affirm the trial court's order.

T. J., who was twelve years old and a sixth-grade student at Helen Tyson Middle School in Springdale at the time this action was filed, was involved in the school's accelerated-reader program ("A.R. program"), which is designed to promote the students' reading by offering incentives. The children in the A.R. program

are encouraged to read books on a list and to take a computerized test on a particular book. Based upon their test scores, the students accumulate points toward a prize or award that is offered at the end of each school quarter.

In February 2004, T.J., who was encouraged by the high points assigned to the Harry Potter series, decided to reread the Harry Potter books and take the tests on those books. T.J. read four of the five books in the Harry Potter series, and in March 2004, T.J. was tested on those Harry Potter books. T.J. scored a one-hundred percent on each of the four tests administered.

Appellee Virginia Hargrove, T.J.'s reading teacher, accused him of cheating, stating that it was not "physically or humanly possible" to read the books in the required one-week period. Another teacher, appellee Molly Acuff-Wilroth, T.J.'s classroom teacher, also confronted T.J. about cheating on the exams.

On March 22, 2004, T.J.'s mother and Ms. Hargrove discussed T.J.'s scores. Ms. Hargrove proposed to keep two scores and to disregard the two remaining scores. They agreed to let T.J. pick one score, and Ms. Hargrove would pick the other score. T.J. was upset with his mother for agreeing to Ms. Hargrove's proposal. T.J.'s mother made two requests for the reinstatement of the scores, and she further requested any evidence of cheating.

On March 30, 2004, T.J.'s mother spoke with appellee Curtis Spann, the principal, who stated that the school was under no obligation to reinstate the grades because of the program's rules. Appellee Spann indicated that he was in charge of the A.R. program, and that under the incentive rules, he was under no obligation to reinstate the scores. Mr. Spann further stated that he would reinstate one of T.J.'s scores, but T.J. and his mother found this offer to be insufficient.

T.J. and his mother filed a petition for writ of mandamus and injunction on April 5, 2004, requesting the Washington County Circuit Court to direct appellees to reinstate T.J.'s cancelled scores, to apologize publicly and by letter, and to enjoin them from "further humiliating and using coercive tactics" against T.J. and all other students at the school.

On April 27, 2004, appellees filed a motion to dismiss the petition for writ of mandamus and injunction, stating that the petition should be dismissed pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief can be granted. Appellees

argued that T.J.'s petition does not state a legal theory sufficient to cause the circuit court to intervene in a voluntary, reading incentive program. Appellees further contended that T.J. did not exhaust his remedies, that his petition was moot, and that injunctive relief was not appropriate.

On May 5, 2004, T.J. amended his petition, adding that his rights were violated under Ark. Const. Art. 2, § 8 and Ark. Const. Art. 2, § 2 , as well as the Arkansas civil-rights statute, found at Ark. Code Ann. § 16-123-105(a) (Supp. 2003). In response, appellees filed a second motion to dismiss on May 14, 2005. Appellees also filed a motion for sanctions and attorneys' fees on June 18, 2004. In their motion, they argued that they were entitled to reimbursement of attorneys' fees under Ark. R. Civ. P. 11 and Ark. Code Ann. § 16-22-309 (Repl. 1999).

A hearing on appellees' motion to dismiss was held on June 15, 2004. On June 22, 2004, an order was entered by the trial court that stated:

> [T]he motions to dismiss the petition and amended petition are granted. The court, for purposes of considering these motions, treated as true all facts stated in both the petition and amendment and gave all reasonable inferences to be drawn from those facts to the petitioner. But the facts as stated are not legally sufficient to state a claim for relief. Therefore the motions to dismiss the petition and amendment to petition are granted.

On September 10, 2004, a second order was entered, which provided in part:

> The motion is denied as to sanctions and attorneys' fees pursuant to Rule 11 of the Rules of Civil Procedure. The motion is granted as to Ark. Code Ann. § 16-22-309. The petition and amended petition is dismissed by the court. There is a lack of justiciable issue within the petitioner's pleadings. The court specifically finds in favor of the respondents pursuant to the second portion of subsection (b) of § 16-22-309, "that the party or the party's attorney knew, or should have known, that the action, claim, setoff, counterclaim, or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law."

Although the trial court denied appellees' motion for sanctions and attorneys' fees pursuant to Rule 11, the trial court granted appellees'

motion for attorneys' fees under Ark. Code Ann. § 16-22-309 in the amount of $1500.00. T.J. now brings his appeal from these orders.

At the outset, we note our standard of review. In this case, T.J. filed a petition for writ of mandamus and injunction, and in response, appellees filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6). Appellees also filed a motion for attorneys' fees and sanctions. The trial court's June 22, 2004, order dismissed the petition and the amended petition on 12(b)(6) grounds. The trial court's September 10, 2004, order disposed of all of the pleadings by dismissing T.J.'s petition because of a lack of justiciable issue, denying appellant's motion for sanctions and attorneys' fees pursuant to Rule 11, but granting appellant's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-309. In both orders, however, the trial court stated that it based its ruling upon the motions, responses, briefs and arguments of counsel.

█ █ When a trial court considers matters outside the pleadings, the appellate courts will treat a motion to dismiss as one for summary judgment. *Kyzar v. City of West Memphis*, 360 Ark. 454, 201 S.W.3d 923 (2005). A motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 69 S.W.3d 414 (2002). Summary judgment is granted when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* at 1003, 69 S.W.3d at 418. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* at 1004, 69 S.W.3d at 418. Our review focuses on the documents filed by the parties, as well as the pleadings. *Id.* Thus, our standard of review in this case is a summary-judgment review.

With this standard of review in mind, we turn to appellant's points on appeal. For his first point on appeal, T.J. argues that the trial court's dismissal was improper under Ark. R. Civ. P. 12(b)(6). Specifically, T.J. contends that the trial court incorrectly dismissed the petition because (1) the trial court went outside the face of the complaint; (2) the trial court's ruling that appellees have a discretionary duty to reinstate the scores was erroneous; (3) the case falls under one of the mootness exceptions; (4) the exhaustion doctrine is not applicable because "Principal Spann is in charge of the Accelerated Reader Program at the Helen Tyson Middle School

by delegation;" (5) mandamus is applicable; (6) there is a justiciable issue; (7) there was irreparable harm; and (8) the A.R. program is involuntary.

Appellees respond, arguing that the trial court properly granted their motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6). Specifically, appellees treat T.J.'s petition as a complaint, and argue that the trial court correctly reviewed all pleadings before it. Appellees respond to each of T.J.'s arguments, including the issue of mootness, the exhaustion doctrine, appropriateness of mandamus, and injunctive relief.

■■ We now address whether appellant's petition for writ of mandamus was properly dismissed for lack of a justiciable issue. A writ of mandamus, as defined by Ark. Code Ann. § 16-115-101 (1987), is "an order of the circuit court granted upon the petition of an aggrieved party or the state when the public interest is affected, commanding an executive, judicial, or ministerial officer to perform an act or omit to do an act, the performance or omission of which is enjoined by law[.]" *Id.* A writ of mandamus is appropriate if two factors are established. In *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 164, 970 S.W.2d 198, 200 (1998), we outlined those two factors:

> First, the judiciary may issue a writ of mandamus to an executive or legislative officer only if the duty to be compelled is ministerial and not discretionary. *Saunders v. Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995); *State v. Grimmett, supra.* . . . We have also held that although the writ cannot be used to control or review matters of discretion, it may be used to force an official to exercise that discretion. *Saunders v. Neuse, supra; Thompson v. Erwin*, 310 Ark. 533, 838 S.W.2d 353 (1989).... Second, the petitioner must show a clear and certain right to the relief sought, and the absence of any other adequate remedy. *Redd v. Sossamon*, 315 Ark. 512, 868 S.W.2d 466 (1994); *Thompson v. Erwin, supra.* In *State v. Grimmett, supra*, we distinguished that the alternative remedy must be adequate, and not merely plausible. We further explained that to be "adequate" the alternative remedy must be "plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy invoked." *Id.* Thus, in several cases we have refused to issue a writ of mandamus where the petitioner had the adequate remedy of raising the issue on appeal. *See, e.g., Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988); *Sexton v. Supreme Ct. Comm. on Prof'l Conduct*, 297 Ark. 154-A, 761 S.W.2d 602 (1988).

*Hanley, supra* (holding that the trial court properly denied a petition for writ of mandamus).

■ We agree with the trial court that T.J. failed to establish both of these factors. First, we have said that it is well-settled law that mandamus will not be used to control a public official in a discretionary act. *Springdale Board of Education v. Bowman*, 294 Ark. 66, 740 S.W.2d 909 (1987) (citing *Lewis v. Conlee*, 258 Ark. 715, 529 S.W.2d 132 (1975)). A mandamus action enforces the performance of a legal right after it has been established; its purpose is not to establish a right. *Id.* at 70, 740 S.W.2d 911. Here, the duty to be compelled is a discretionary act left to the school officials. The reinstatement of the test scores was left to the discretion of the teachers and the principal, and we know of no law to compel them to reinstate T.J.'s scores in a voluntary reading program.

Second, T.J. has not proven that he has a legal remedy available. T.J. argues that the trial court erred in finding a complete absence of a justiciable issue of law or fact. Specifically, T.J. contends that a writ of mandamus should lie. In response, appellees argue that the trial court properly found that there was a complete absence of a justiciable issue of law or fact. Specifically, appellees contend that petitioner does not have any damages. Appellees maintain that T.J. seeks an apology, rather than legal relief.

■■ There is a general policy against intervention by the courts in matters best left to school authorities. *Henderson State University v. Spadoni*, 41 Ark. App. 33, 848 S.W.2d 951 (1993). The United States Supreme Court has said, "[P]ublic education in our Nation is committed to the control of state and local authorities." *Goss v. Lopez*, 419 U.S. 565, 577-78 (citing *Epperson v. Arkansas*, 393 U.S. 97 (1968)), Here, T.J.'s case does not involve the issues of student discipline, expulsion, suspension, or attendance. T.J. has not sufficiently pleaded any facts that give rise to a legal remedy. Because appellant failed to show a specific legal right under *Hanley, supra*, we conclude that appellant's petition for writ of mandamus should not lie because the two requisite factors for mandamus are not met. For these reasons, as well as our standard of review, we hold that the trial court did not abuse its discretion in dismissing the petition for lack of a justiciable issue as a matter of law.

■ We treat the question of justiciability as a threshold matter. Because we hold that appellant's petition for writ of

mandamus was properly dismissed for lack of a justiciable issue, we refuse to delve into appellant's remaining points on appeal. We therefore affirm the award of attorneys' fees to appellees under Ark. Code Ann. § 16-22-309 (Repl. 1999) because no justiciable issue was raised.

Affirmed.