2009 Ark. 254

**John H. BAYIRD, as Administrator for the Estate of Mamie Elliott, Deceased, Appellant,**

v.

**William FLOYD, Appellee.**

No. 08–1099.

Supreme Court of Arkansas.

May 1, 2009.

David A. Couch and Brian G. Brooks, for appellant.

Williams & Anderson PLC, by Jess Askew III and Stephen A. Hester, Little Rock, for appellee.

PER CURIAM.

Appellant John H. Bayird, as Administrator for the Estate of Mamie Elliott, Deceased, appeals the order of the Drew County Circuit Court dismissing his complaint against Appellee William Floyd.

In its order entered of record on July 29, 2008, the circuit court dismissed Floyd from the action, stating:

> Upon considering as true the allegations contained in the complaint and amended complaints *and all other pleadings and exhibits submitted herein,* the Court finds insufficient facts to support a claim for which relief can be granted against separate defendant, William Floyd. Therefore the Motion to Dismiss should be granted pursuant to Ark. R. Civ. P. 12(b)(6).

(Emphasis added.)

Although the circuit court stated that the case was dismissed pursuant to Rule 12(b)(6), the order reflects that the court considered other pleadings and exhibits in making its ruling. As such, the motion to dismiss was converted to a motion for summary judgment. As this court has explained:

> When a trial court considers matters outside the pleadings, the appellate courts will treat a motion to dismiss as one for summary judgment. *Kyzar v. City of West Memphis,* 360 Ark. 454, 201 S.W.3d.923 (2005). A motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. *Nielsen v. Berger-Nielsen,* 347 Ark. 996, 69 S.W.3d 414 (2002).

*Robbins v. Johnson,* 367 Ark. 506, 510, 241 S.W.3d 747, 750 (2006) (quoting *T.J. ex rel. Johnson v. Hargrove,* 362 Ark. 649, 654, 210 S.W.3d 79, 81–82 (2005)). Just as in *Robbins,* the circuit court's order of dismissal in the present case was actually an order of summary judgment.

The record now before us is replete with pleadings filed with, and presumably considered by, the circuit court including, but not limited to, answers to the com-

plaint and amended complaints, motions to dismiss,[1] and responses and replies to Floyd's motions to dismiss. The addendum submitted by Bayird lacks these and perhaps other relevant pleadings that are essential to our understanding of this case. The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Ark. Sup.Ct. R. 4–2(b)(3):

|₃Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Accordingly, under Rule 4–2(b)(3), we order Bayird to file a substituted addendum and brief that includes the omitted pleadings and exhibits within fifteen days from the date of entry of this order. If Bayird fails to do so within the prescribed time, the judgment appealed from may be affirmed for noncompliance with Rule 4–2. After service of the substituted addendum and brief, Floyd shall have an opportunity to revise or supplement its addendum in the time prescribed by the court.

Rebriefing ordered.

---

1. Floyd has included a supplemental addendum that includes the complaints and amended complaints, as well as the original motion to dismiss but not the subsequent motions to dismiss. It is not necessary for Bayird to reproduce those pleadings that Appellee has provided in its supplemental addendum.