HOWARD W. BRILL, Chief Justice | petitioner DeSoto Gathering Co., LLC (“DeSoto”), has filed a petition for a writ of prohibition requesting that this court prohibit the Faulkner County Circuit Court from conducting further proceedings on a complaint filed by the respondents.[1] Pursuant to Arkansas Supreme Court Rule 1-2(a)(3) (2015), we have jurisdiction of cases involving | ¡^extraordinary writs. We deny DeSoto’s petition for writ of prohibition. On April 24, 2014, the Ramseys filed suit against DeSoto in the Faulkner County Circuit Court. According to the facts stated in the Ramseys’ complaint, DeSoto is an Arkansas corporation with its principal place of business in Conway, Faulkner County. Five of the respondents live in White County approximately 1250 feet from a natural-gas compressor station owned and operated by DeSoto, and the other eight respondents live in Van Burén County similarly near a compressor station owned and operated by DeSoto. The Ramseys alleged that these compressor stations emit more than 185 tons of pollutants per year into the air and cause significant noise levels and vibrations. Specifically, the Ramseys alleged strict liability and negligence and sought discomfort damages and personal injuries resulting from the stations’ noise, pollution, and vibrations. The Ramseys requested $3 million in compensatory damages and $5 million in punitive damages. On June 9, 2014, DeSoto filed a motion to dismiss or transfer for improper venue pursuant to Arkansas Rule of Civil Procedure 12(b)(3), arguing that venue was not proper in Faulkner County. In its motion, DeSoto contended that, pursuant to Arkansas Code Annotated section 16-60-101 (Repl.2005), property-based causes of action were required to be filed where the real property was located. DeSoto also asserted that if the circuit court characterized the Ramseys’ suit as a personal-injury action, then, pursuant to Arkansas Code Annotated section 16-60-112(a), venue would be proper where the injury occurred. Thus, DeSoto reasoned that, because the compressor stations were located in "White County and Van Burén County and because the respondents’ allegations sounded in trespass, nuisance, or 1 spersonal injury, then venue was not proper in Faulkner County. On July 15, 2014, the Ramseys filed their response, arguing that DeSoto was judicially estopped from asserting lack of venue because of “a pattern of inconsistent pleadings [filed in the federal and state courts] which have been filed in an effort to manipulate jurisdiction and to gain an unfair advantage.” On December 2, 2014, the circuit court entered an order denying DeSoto’s motion to dismiss or transfer for improper venue. Subsequently, DeSoto filed a petition for writ of prohibition requesting that this court issue the writ to prevent the circuit court from proceeding for lack of proper venue. DeSoto now requests that this court issue a writ of prohibition to prevent the Ramseys from proceeding in the Faulkner County Circuit- Court. The Ramseys counter that the extraordinary writ is not warranted in this case because the circuit court had jurisdiction to determine venue and that denying DeSoto’s motion to dismiss was within the circuit court’s discretion.[2] Historically, the writ of prohibition has been narrowly defined. One of the common law writs,[3] it provides relief that bars, or prohibits, a lower court from proceeding with a matter.[4] A writ of prohibition is an extraordinary remedy and “is only proper when the trial coürt \ Jias no jurisdiction over the person of the petitioner, is clearly warranted, and there are no disputed facts.” McGlothlin v. Kemp, 314 Ark. 495, 497, 863 S.W.2d 313, 313 (1993) (citing Lupo v. Lineberger, 313 Ark. 315, 317, 855 S.W.2d 293, 294 (1993) (emphasis added)). As part of our superintending authority over circuit courts, we have the authority to issue the writ. Ark. Const. amend. 80, § 4. First, a writ of prohibition is appropriate when the circuit court is wholly without jurisdiction. White v. Palo, 2011 Ark. 126, 380 S.W.3d 405. Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. Conner v. Simes, 355 Ark. 422, 139 S.W.3d 476 (2003). Second, a writ of prohibition is appropriate when there is no other remedy, such as an appeal, available. White, 2011 Ark. 126, 380 S.W.3d 405. We have stated that prohibition is a proper remedy when the jurisdiction of the circuit court depends on a legal, rather than a factual, question. Coonrod v. Seay, 367 Ark. 437, 241 S.W.3d 252 (2006). However, a legal question alone does not require this court to issue a writ of prohibition. This court confines its review to the pleadings in the case. Id. Further, a writ of prohibition challenging an exercise of jurisdiction, even if erroneous and an abuse of discretion, is an improper usage of the writ. S. Farm Bureau Cas. Ins. Co. v. Parsons, 2013 Ark. 322, 429 S.W.3d 215. Writs of prohibition are prerogative writs, extremely narrow in scope and, operation, and they are to be used with great caution and forbearance. Ark. Game & Fish Comm’n v. Mills, 371 Ark. 317, 265 S.W.3d 760 (2007). Prohibition should issue only in cases of extreme necessity. Ulmer v. Cir. Ct. of Polk Cty., 366 Ark. 212, 234 S.W.3d 290 (2006). Recently, this court stated that a writ of prohibition cannot be invoked to correct an order already entered. S. Farm Bureau Cas. Ins. Co., 2013 Ark. 322, 429 S.W.3d 215. “Each of the allegations in [the] petition concerns orders already entered by the circuit court. Because the circuit court has already acted, a writ of prohibition does not lie.” Id. at 5, 429 S.W.3d at 218. In short, the writ of prohibition is preventive in its purpose, not corrective. As a general rule, a petition for a writ of prohibition is not the proper remedy for the failure of a circuit court to grant a motion to dismiss. See, e.g., Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Southall, 281 Ark. 141, 661 S.W.2d 388 (1988). In recent cases, this court has declined to exercise the discretionary writ when a -circuit court has denied a motion to dismiss for improper venue. For example, in Arkansas Game and Fish Commission, 371 Ark. 317, 265 S.W.3d 760, the White County Circuit Court denied a motion to dismiss, and we denied the writ because"the first prong of the test for a writ of prohibition — whether a circuit court is wholly without jurisdiction — was not satisfied. Because the pleadings demonstrated a statutory basis fob venue in White County, the circuit court was not wholly without jurisdiction. Further, the second prong of the test — whether no other remedy, such as an appeal, is 'available — was not satisfied because the petitioner possessed another remedy. Simply put, the petitioner could have raised the venue issue by appealing the circuit court’s final order. Id. Likewise, the writ of prohibition has also been properly denied when a motion to dismiss was granted by the circuit court. In Evans v. Blankenship, 374 Ark. 104, 286 S.W.3d 137 (2008), the Washington County Circuit court granted thé defendant’s motion to dismiss and transferred the matter to Jefferson County because it concluded that it lacked jurisdiction. Again, in denying the writ, this court, citing Manila Sch. Dist. No. 15 v. Wagner, 357 Ark. 20, 159 S.W.3d 285 (2004), stated that “prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction.” Id. at 107, 286 S.W.3d at 140. Admittedly, this, court has granted a writ of prohibition in cases in which improper venue was at issue. See Centerpoint Energy, Inc. v. Miller Cty. Cir. Ct., 372 Ark. 343, 276 S.W.3d 231 (2008); Premium Aircraft Parts, LLC v. Cir. Ct. of Carroll Cty., 347 Ark. 977, 69 S.W.3d 849 (2002). However, as we have previously explained, when we grant a writ for improper venue, we grant the writ because of the circuit court’s lack of jurisdiction. See Evans, 374 Ark. 104, 286 S.W.3d 137. Not every case of improper venue implicates jurisdiction. Venue and jurisdiction are frequently confused. Id, This court has treated the venue- issue as the equivalent of “jurisdiction over the person,” perhaps because of history rather than logic. See David Newbern, John Watkins & D.P. Marshall Jr., Arkansas Civil Practice & Procedure § 9:1 (citing Prairie Implement Co., Inc. v. Cir. Ct. of S. Dist. of Prairie Cty., 311 Ark. 200, 844 S.W.2d 299 (1992)). We granted the writ in Premium, where the plaintiff filed a complaint in the Carroll County Chancery Court alleging misappropriated trade secrets against the defendants who were located in Sebastian Coun: ty. After the circuit, court denied their motion to dismiss, the defendants sought a writ of prohibition, arguing that the plaintiff could not bring the action in Carroll County, the county of the plaintiffs residence. Concluding that the Carroll County Chancery Court was wholly without jurisdiction under the ^applicable venue statutes, we ¿greed and granted the writ. Id. . Additionally, in Centerpoint Energy, Inc., 372 Ark. 343, 276 S.W.3d 231, we discussed the issuance of a writ of prohibition in -a matter alleging improper venue. There, we stated, The purpose of a writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise.... [A] writ of prohibition is extraordinary relief that is ... appropriate when the trial court is wholly without jurisdiction. While jurisdiction is the power and authority- of the court to act, venue is the place where the power to adjudicate is to be exercised. Venue has thus often been- characterized as procedural rather than jurisdictional. Id. at 354, 276 S.W.3d at 239 (citations omitted). ‘ In Centerpoint, we held that the circuit court did not have jurisdiction over the proceedings below because we had previously held in Centerpoint Energy, Inc. v. Miller County Circuit Court, 370 Ark. 190, 258 S.W.3d 336 (2007), that the Arkansas Public Service Commission had sole and exclusive jurisdiction, rather than the circuit court, over the claims asserted by the respondents involving Centerpoint’s Arkansas customers. Id. The present case is distinguishable from Premium and Centerpoint because the circuit court, in the instant case did not lack jurisdiction. As we have explained, both Premium and Genterpoint involved situations in which the circuit court “improperly retained jurisdiction and where venue was not proper in the respective courts. Thus, the court’s lack of jurisdiction over the persons warranted issuance of the-writs of prohibition.” See Evans, 374 Ark. 104, 108, 286 S.W.3d 137, 141. Here, however, the Ramseys properly filed, their action in the county of the petitioner, DeSoto. The Faulkner-County Circuit Court had jurisdiction over the subject matter, and personal jurisdiction was not in dispute because the-lawsuit was brought | sin the principal place of business of DeSoto. The only issue presented to the circuit court was the issue of venue. In their complaint, the Ramseys. stated sufficient facts to supp'ort venue in Faulkner County by asserting that DeSoto’s principal place of business rested in Conway, Faulkner County. -Thus, we conclude that the Faulkner County Circuit Court properly confined its review to the pleadings in the ease and properly ruled on DeSoto’s -motion to dismiss. For these reasons, we hold that DeSoto has failed to demonstrate that Faulkner County is wholly without jurisdiction on the issue of venue, and therefore, DeSoto is not entitled to a writ of prohibition. We further note that DeSoto has the opportunity to raise the issue of venue in an appeal to this court. We have stated that a circuit court’s order regarding' improper venue may be appealed once a final, appealable order has been issued. See, e.g., Evans, 374 Ark. 104, 286 S.W.3d 137 (citing Gailey v. Allstate Ins. Co., 362 Ark. 568, 210 S.W.3d 40 (2005)). We have also held that once a final order has been entered, an appeal can be taken, and the question of venue, once put in issue, is not lost by ’ continuing through a trial of the matter. Heber Springs Lawn & Garden, Inc. v. EMC Corp., 275 Ark. 260, 628 S.W.2d 563 (1982) (citing Wilson v. Wilson, 270 Ark. 485, 606 S.W.2d 56 (1980)). Rule 2 of the Arkansas Rules of Appellate Procedure — Civil does not authorize an interlocutory appeal in this situation. Nor do we have a rule similar to 28 U.S.C. § 1292(b) that authorizes a circuit court to designate an order containing a controlling question of law, thereby certifying the question to this court. The extraordinary writ of prohibition has clearly defined uses; accordingly, our resort to it should be restrained. Granting a writ in this | ¡^particular instance would encourage any litigant who is dissatisfied with a circuit court ruling on venue to immediately seek a writ to review -that ruling. Such an expanded use .of the writ does not give proper deference to the rulings of the circuit court. .Nor is it consistent with our primary requirement of finality for purposes- of appeals and our policy against piecemeal appeals. Seeking immediate appellate review after a circuit court ruling on venue is not the proper time, and an extraordinary writ is not the method. Petition for writ of prohibition denied.' Special Justice Kristin Pawlik and Special Justice Mike Ryburn join. Goodson and Wynne, JJ., dissent. Danielson and Baker, JJ., not participating. . The respondents are Barbara and Richard Ramsey, Cary and Richard Shirley, Virgie Parrott, Clifford and Loveta Pruitt, Allan and Tammy Peterson, Jeffrey and Kimberly Wyn-borny, Virginia Mills, and Molly Stone (collectively “the Ramseys”). . DeSoto relies on various venue statutes in its .briefs. Recently, the enactment of Act 830 of 2015 has changed the language of these statutes cited by DeSoto.- However, that legislation became effective after the operative dates in this case, and in any event, does not apply in this instance. . On the common law writs in general, see Timothy L. Evans, A Story of Certiorari: Jordan v. Cir. Ct. of Lee Cty., 60 Ark. L.Rev. 773 (2007). .At the trial court level, a writ of prohibition is an order from the circuit court to an inferior court that prohibits the inferior court from proceeding in a case over which it has no jurisdiction. See Ark.Code Ann. § 16—115—101 (Repl.2006)