Cite as 2017 Ark. 233

# SUPREME COURT OF ARKANSAS

No. CV-16-527

| | | |
|---|---|---|
| CLARENCE ASHBY | | **Opinion Delivered** August 3, 2017 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT |
| V. | | [NO. 60OT-50-6] |
| STATE OF ARKANSAS | | |
| | | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Clarence Ashby submitted to the Pulaski County Circuit Court a petition for leave to proceed in forma pauperis so that he might initiate an action seeking "writs of prohibitory petitions" challenging a risk assessment made under the Sex Offender Registration Act (SORA) codified at Arkansas Code Annotated sections 12-12-901 to -927 (Repl. 2016). We remanded this case to the circuit court, directing that a supplemental record be lodged that included properly file-marked pleadings in accordance with our holding in *Dunahue v. Dennis*, 2016 Ark. 285 (per curiam). *Ashby v. State*, 2017 Ark. 86, at 1–2 (per curiam).

In accordance with this court's direction, the circuit court submitted a supplemental record that contains Ashby's petition to proceed in forma pauperis and his pleading entitled "writs of prohibitory petitions," properly filed marked by the Pulaski County Circuit Clerk. The circuit court's order denied Ashby's petition to proceed in forma pauperis, and it is from this order that Ashby brings this appeal. Under Rule 72 of the Arkansas Rules of Civil

SLIP OPINION

Procedure (2016), the right to proceed in forma pauperis is based on indigency and the circuit court's satisfaction that the alleged facts indicate a colorable cause of action. *Watts v. Kelley*, 2017 Ark. 189, at 2. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Id.* Because Ashby failed to state a colorable cause of action warranting the issuance of a writ of prohibition, we affirm. *See DeSoto Gathering Co., LLC v. Ramsey*, 2016 Ark. 22, at 4, 480 S.W.3d 144, 147 (Writs of prohibition are prerogative writs, extremely narrow in scope and operation, and they are to be used with great caution and forbearance.).

Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. Here, the circuit court entered an order denying the petition without making specific findings of fact with respect to Ashby's indigency and did not address whether Ashby's underlying prohibition petition stated a colorable claim. A review of the record and supplemental record demonstrates that Ashby filed a petition asking the circuit court to issue a writ of prohibition and named the State of Arkansas as the respondent. In this petition, Ashby alleged that the Sex Offender Community Notification Assessment Committee (SOCNA) had erroneously assessed his risk level. Therefore, the underlying claim for which Ashby seeks to proceed as an indigent is such that a remand for findings of fact is not necessary as it is clear that Ashby's prohibition petition clearly fails to state a colorable cause of action because it fails to present a justiciable issue as a matter of law. *See T.J. ex rel. Johnson v. Hargrove*, 362 Ark. 649, 656, 210 S.W.3d 79, 83 (2005). As to issues

SLIP OPINION

of law presented, our review is de novo. *Hobbs v. Jones*, 2012 Ark. 293, at 8, 412 S.W.3d 844, 850 (2012).

Writs of prohibition have been narrowly defined and provide relief that bars, or prohibits, a lower court from proceeding with a matter. *DeSoto Gathering Co.,* 2016 Ark. 22, at 3–4, 480 S.W.3d at 147. The purpose of a writ of prohibition is to restrain an inferior court or tribunal from proceeding in a matter not within its jurisdiction. *Id.*; *Macon v. LeCroy*, 174 Ark. 228, 232, 295 S.W. 31, 33 (1927); *see also* Ark. Code Ann. § 16-115-101(2) (Repl. 2016). A writ of prohibition is only appropriate with respect to persons about to exercise judicial or quasi–judicial power. *Robinson v. Merritt*, 229 Ark. 204, 206, 314 S.W.2d 214, 215 (1958). Whether a writ of prohibition can issue is a legal rather than a factual question. *Bonnell v. Smith*, 322 Ark. 141, 143, 908 S.W.2d 74, 75 (1995). Finally, a writ of prohibition cannot be invoked to correct an order already entered. *DeSoto Gathering Co.*, 2016 Ark. 22, at 5, 480 S.W.3d at 147.

Here, Ashby did not name an inferior tribunal of the Pulaski County Circuit Court, but instead sought a writ of prohibition against the State of Arkansas asking the circuit court to correct a determination already made by a state agency in accordance with SORA. Ark. Code Ann. §§ 12-12-901 to -927. The failure to name a necessary party presents no justiciable issue. *Wirges v. Bean*, 238 Ark. 104, 110, 378 S.W.2d 641, 644 (1964) (petition for mandamus denied because petitioner did not name a necessary party and therefore did not present a justiciable issue). By naming the State of Arkansas and challenging the actions of a state agency rather than an inferior court, Ashby did not name a necessary party who comes within the purview of a writ of prohibition. *DeSoto Gathering Co.*, 2016 Ark. 22, at

3-4, 480 S.W.3d at 147; *Robinson*, 229 Ark. at 206, 314 S.W.2d at 215. Moreover, allegations that fail to state a claim upon which a remedy may be ordered likewise present no justiciable issue that a circuit court would have the authority to redress. *See T.J. ex rel. Johnson*, 362 Ark. at 656, 210 S.W.3d at 83 (petitioner failed to plead facts giving rise to a legal remedy, and trial court did not abuse its discretion in dismissing the petition for lack of justiciable issue). As stated, Ashby's allegations pertain to an assessment carried out by state officials in accordance with the requirements and procedures outlined in SORA. *See* Ark. Code Ann. §§ 12-12-906(2)(C)(i)(a), 12-12-913(c)(1), and 12-12-917(a)(1); *see also Burchette v. Sex Offender Screening & Risk Assessment Comm.*, 374 Ark. 467, 469, 288 S.W.3d 614, 616 (2008). A writ of prohibition is not a remedy that is available to control the exercise of official duties carried out by an officer with the executive branch of government that are neither judicial nor quasi-judicial. *DeSoto Gathering Co.*, 2016 Ark. 22, at 3-4, 480 S.W.3d at 147; *Robinson*, 229 Ark. at 206, 314 S.W.2d at 215.

In view of the above, the denial of Ashby's in forma pauperis petition is affirmed without the necessity of further findings of fact under Rule 72 because Ashby's underlying petition for a writ of prohibition failed to establish a justiciable issue as a matter of law. *Id.*

Affirmed.

*Clarence J. Ashby*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.