Cite as 2023 Ark. 127

# SUPREME COURT OF ARKANSAS

**No.** CR–22–677

| | | |
|---|---|---|
| | | **Opinion Delivered:** September 28, 2023 |
| ZOREL TILSON | | |
| | PETITIONER | |
| | | APPEAL FROM THE GARLAND |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 26CR–19–933] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | HONORABLE RALPH OHM, JUDGE |
| | | |
| | | PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Zorel Tilson filed a petition for writ of certiorari and/or prohibition requesting relief from this court after the Garland County Circuit Court denied his motions to dismiss the charges against him. Tilson argues that an extraordinary writ is necessary because the circuit court erred by denying his motions to dismiss (1) for lack of jurisdiction and (2) for a violation of his speedy-trial rights. We deny the petition.

On December 16, 2018, Tilson was arrested in Hot Springs, Arkansas. He was sixteen years old at the time of his arrest. Respondent, the State of Arkansas, filed a juvenile-delinquency petition in the juvenile division of the Garland County Circuit Court the next day alleging that Tilson had committed the following offenses: (1) aggravated robbery, a Class Y felony; (2) theft of property, a Class B felony; (3) possession of a Schedule VI controlled substance, a Class A misdemeanor; and (4) fleeing, a Class C misdemeanor. At the adjudication hearing on February 7, 2019, the State moved to nolle pros the charges

because it was not ready to try the case after receiving its final continuance. The circuit court granted the State's motion, and the written order dismissing the charges was entered on February 8, 2019.

The State filed an information in the criminal division of the Garland County Circuit Court on December 9, 2019, charging Tilson with aggravated robbery, a Class Y felony; simultaneous possession of drugs and firearms, a Class Y felony; possession of a Schedule VI controlled substance with purpose to deliver, a Class D felony; possession of drug paraphernalia, a Class D felony; theft by receiving of a firearm, a Class D felony; theft of property, a Class A misdemeanor, and fleeing, a Class C misdemeanor. These charges arose from the same conduct alleged in the juvenile-delinquency petition dismissed on February 8, 2019. Tilson, who had moved to Missouri, waived extradition and was arrested on the new charges on March 4, 2021. His motion to transfer the case to the juvenile division was denied by the circuit court.

On November 17, 2021, Tilson filed a motion to dismiss the charges for a violation of his right to a speedy trial pursuant to Arkansas Rule of Criminal Procedure 28.1. He contended that he was not brought to trial within twelve months from the date of his original arrest on December 16, 2018. In its response, the State admitted that more than twelve months had passed since Tilson's initial arrest but argued that the time between the nolle pros and the filing of the information on December 9, 2019, should be excluded from the speedy-trial calculation. The State asserted that it had sought to nolle pros the juvenile charges for lack of evidence at the time, which is good cause for the dismissal. Specifically, the State claimed that the crime lab needed additional time to test the drugs and that these

2

results had not been made available until June 2019. The State further noted that Tilson had failed to object at the time it moved to nolle pros the charges and that any challenge to whether the State had good cause to do so was thus not preserved.

On July 8, 2022, Tilson also filed a motion to dismiss for lack of jurisdiction. He argued that the criminal division of the circuit court lacked personal and subject-matter jurisdiction because the State initially chose to file charges against him in the juvenile division. Tilson claimed that because the juvenile division had not transferred the case, the juvenile division still retained exclusive jurisdiction. The State responded and asserted that the juvenile court had relinquished jurisdiction by signing the order to nolle pros and dismissing the juvenile-delinquency petition. The State contended that once the petition was dismissed, it could choose whether to again file the charges in the juvenile division or to file them in the criminal division within the requisite one-year time period.

The circuit court held a hearing on the motions to dismiss on September 7, 2022. Following argument by the parties, the court denied both of Tilson's motions. With regard to the motion to dismiss based on speedy trial, the court ruled that the time period between the nolle pros and the filing of the criminal information in circuit court was excluded from the speedy-trial calculation. The circuit court also agreed with the State that the order to nolle pros concluded the case in the juvenile division and that the prosecution then had the option to refile charges against Tilson in either the juvenile or the criminal division. Thus, the court ruled that it did not lack jurisdiction over the current charges.

Tilson filed a motion to reconsider the denial of his motion to dismiss for lack of jurisdiction, which was denied by the circuit court in an order entered on September 20,

3

2022. After receiving a stay of the proceedings in the circuit court, Tilson filed his petition for writ of certiorari and for prohibition with this court on October 24, 2022. On December 1, 2022, we took the petition as a case and ordered briefing, which is now complete.

Tilson first argues that the circuit court erred by denying his motion to dismiss for lack of jurisdiction, and he requests that we issue a writ of certiorari or a writ of prohibition to the circuit court directing it to either transfer his case to the juvenile division or dismiss the case altogether. A writ of certiorari and writ of prohibition are extraordinary relief. *State v. Torres*, 2021 Ark. 22, 617 S.W.3d 232; *DeSoto Gathering Co., LLC v. Ramsey*, 2016 Ark. 22, 480 S.W.3d 144. In order to grant a writ of certiorari, there are two requirements that must be satisfied. *Rayford v. State*, 2020 Ark. 298; *Baptist Health v. Circuit Ct. of Pulaski Cnty.*, 373 Ark. 455, 284 S.W.3d 499 (2008). The first requirement is that there can be no other adequate remedy but for the writ of certiorari. *Rayford*, *supra*. Second, a writ of certiorari lies only when (1) it is apparent on the face of the record that there has been a plain, manifest, and gross abuse of discretion; or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Torres*, *supra*. We have held that certiorari is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts, or to review the exercise of a court's discretionary authority. *Id*. A writ of prohibition is appropriate only when the circuit court is wholly without jurisdiction and when no other remedy, such as an appeal, is available. *Ramsey*, *supra*. Writs of prohibition are prerogative writs that are extremely narrow in scope and operation, and they are to be

used with great caution and forbearance. *Id.* We have also stated that a writ of prohibition cannot be invoked to correct an order already entered. *Ashby v. State*, 2017 Ark. 233.

Pursuant to Arkansas Code Annotated section 9–27–306(a)(1)(A)(i) (Supp. 2023), the circuit court has exclusive original jurisdiction of proceedings in which a juvenile is alleged to have been delinquent. A prosecuting attorney may charge a juvenile in either the juvenile or criminal division of a circuit court when a case involves a juvenile who is at least sixteen years old when he or she engages in conduct that, if committed by an adult, would be any felony. Ark. Code Ann. § 9–27–318(c)(1) (Repl. 2020). Tilson agrees that because he was sixteen years old at the time of the charged conduct in this case, the prosecution had the discretion to file charges in either the juvenile or the criminal division of circuit court. However, he contends that once the State chose to file its delinquency petition in the juvenile division in 2018, the juvenile division retained exclusive jurisdiction of the case until and unless it was transferred by an order of that court. He therefore argues that the State was not permitted to refile the charges in the criminal division after it nolle prossed the delinquency petition.

Tilson cites *C.H. v. State*, 2010 Ark. 279, 365 S.W.3d 879, and *Webb v. State*, 318 Ark. 581, 886 S.W.2d 624 (1994), in support of his argument. In *C.H.*, *supra*, the State charged the juvenile, C.H., with a felony in the criminal division of circuit court. C.H. filed a motion to transfer the case to the juvenile division, which the circuit court granted. *Id.* Following a hearing in the juvenile division, the State filed a motion to set aside the order to transfer, asserting that the case would not be resolved in juvenile division before C.H.'s eighteenth birthday. *Id.* The criminal division entered an order setting aside its previous

5

motion to transfer, and C.H. appealed. *Id.* We agreed with C.H. that the criminal division had relinquished its exclusive jurisdiction over his case by transferring it to the juvenile division and that the criminal division therefore lacked authority to enter the order setting aside the transfer. *Id.*

In *Webb*, *supra*, the State charged the fourteen-year-old juvenile in the criminal division of circuit court with four counts of terroristic act. The juvenile moved to transfer his case to the juvenile division for lack of jurisdiction, and the State filed an amended information adding one count of first-degree battery. *Id.* The circuit court then granted the motion to transfer. *Id.* The State filed a delinquency petition in juvenile court, and the allegations included only three counts of terroristic act. *Id.* The State subsequently moved to nolle pros the allegations, and the juvenile division granted the motion. *Id.* Following the order to nolle pros, the State again charged the juvenile in the criminal division with a single count of first-degree battery. *Id.* After his motion to dismiss the charge was denied, the juvenile petitioned this court for a writ of prohibition. *Id.* We granted the writ, holding that the criminal division had relinquished its jurisdiction of the battery count to the juvenile division by transferring the case and that "in consequence of its order to transfer this case to juvenile court, the circuit court is now without jurisdiction as to this juvenile and this charge." *Id.* at 587, 886 S.W.2d at 627.

As the State asserts, the facts in *C.H.*, *supra*, and *Webb*, *supra*, are distinguishable from those in the present case. Here, the prosecution initially chose to file a delinquency petition against Tilson in the juvenile division. After the order was entered granting the prosecution's motion to nolle pros the petition, the State later filed charges in the criminal division. Unlike

6

in *C.H.* or *Webb*, there was no order to transfer entered in this case whereby the criminal division had relinquished jurisdiction. Furthermore, the juvenile division's order to nolle pros dismissed the allegations in the December 2018 delinquency petition. *See, e.g.*, *State v. C.W.*, 374 Ark. 116, 288 S.W.3d 118 (2008) (stating that an order granting a motion to nolle pros is a final order that dismisses the charges and terminates the case). Thus, the juvenile division did not retain jurisdiction over the charges at issue. While Tilson points to language in the order to nolle pros indicating that the juvenile division's previous orders "remain in full force and effect" and to a later order from that court discharging him from probation, it is clear from the record that these refer to a prior delinquency petition that was unrelated to the conduct in this case and that remained pending when the December 2018 petition was filed. Accordingly, the circuit court does not lack jurisdiction of this case, and Tilson is not entitled to extraordinary relief on this basis.

Tilson next contends that the circuit court erred in denying his motion to dismiss for a violation of his right to a speedy trial under Arkansas Rule of Criminal Procedure 28.1. He argues that he was not brought to trial within twelve months of his original December 16, 2018 arrest. He also claims that the time from the entry of the order to nolle pros on February 8, 2019, until his second arrest on March 4, 2021, should not be excluded from the speedy-trial calculation because the State has not shown that the delay resulted from his conduct or that the order to nolle pros was for good cause.

We have held that an order denying a motion to dismiss based on a speedy-trial violation may be subject to review through a petition for writ of certiorari. *Zimmerman v. Circuit Ct. of Miller Cnty.*, 2018 Ark. 264, 555 S.W.3d 406; Ark. R. Crim. P. 28.1(d) (2022).

Pursuant to Rule 28.1, a defendant must be brought to trial within twelve months of arrest, excluding only such periods of necessary delay as are authorized in Rule 28.3. Ark. R. Crim. P. 28.1(c). Rule 28.3(f) provides that "[t]he time between a dismissal or nolle prosequi upon motion of the prosecuting attorney for good cause shown, and the time the charge is later filed for the same offense" is excluded in computing the time for speedy trial. Ark. R. Crim. P. 28.3(f) (2022). "Good cause is demonstrated where the State has good reason to seek the nolle prosequi and there is no indication the State is simply trying to evade the speedy-trial requirement." *State v. Crawford*, 373 Ark. 95, 99, 281 S.W.3d 736, 740 (2008). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 28.1(c). Once a defendant makes a prima facie showing of a speedy-trial violation, the burden shifts to the State to prove that the delay was the result of the defendant's conduct or was otherwise justified. *Zimmerman*, *supra*.

Because more than twelve months have passed since Tilson's initial arrest, the State admits that he has made a prima facie case of a speedy-trial violation. However, the State asserts that Tilson's argument that it lacked good cause to nolle pros the delinquency petition and that the time period between February 7, 2019, and March 4, 2021, is not excluded is not preserved for our review. We agree. At the adjudication hearing, the prosecutor moved to nolle pros the delinquency petition after learning that a continuance would not be granted. The circuit court stated that it "was not saying it's anybody's fault" but the State was not ready to try the case. The court then cautioned Tilson that the State had one year to refile the charges after they were dismissed. Tilson did not object to the dismissal or argue

8

that the State did not have good cause. We have held that the time to object for a lack of good cause is at the time the motion to nolle pros is heard. *Crawford*, *supra*. The reason for requiring a contemporaneous objection is to inform the circuit court of the reason for disagreement with its proposed action prior to making its decision. *Crawford*, *supra*. Because there was no contemporaneous objection by Tilson, the circuit court did not commit a gross abuse of discretion by denying his motion to dismiss based on a speedy-trial violation. In addition, Tilson did not argue in his motion to dismiss that the time period between the filing of the criminal information on December 9, 2019, and his second arrest on March 4, 2021, was not properly excluded from the speedy-trial calculation. Thus, his challenge to this particular period of time was not ruled on and is also not preserved for our review. We therefore deny Tilson's request for extraordinary relief based on a speedy-trial violation as well.

Petition denied.

WOOD, J., concurs.

**RHONDA K. WOOD, Justice, concurring.** I write separately because I am troubled by this case. The ability to nolle pros a case in the juvenile division and refile in the criminal division to avoid the transfer-hearing process gives the State a tremendous advantage. I encourage the General Assembly to consider if this was its intention.

The General Assembly has given the State the discretion to charge a juvenile in either the juvenile division or criminal division of circuit court if the juvenile is over sixteen and has committed a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2020). Yet the General Assembly also provided a method for the transfer of cases between divisions and for that to

9

be determined by the judge after a hearing and a weighing of factors. The factors and procedure established by the General Assembly appear deliberate and thorough. *Id.* § 9–27–318(g) (listing ten factors the circuit court must consider when deciding whether to transfer). The statutory scheme does not imply the General Assembly intended for transfer hearings to occur solely from the criminal division to the juvenile division. Yet the State is not prohibited from procedurally doing what it did here and avoiding the transfer process. In light of this case, I cannot contemplate many situations where there will be a need for a transfer from juvenile to criminal. I encourage the General Assembly to give this section a second look and consider whether its intent was to always require a transfer hearing once the initial filing decision has been made. If it was, then it will need to revisit the statutory language. If not, then the process is working.

*James Law Firm*, by: *William O. "Bill" James*, *Lana M. Fraser*, and *Drew Curtis*, for petitioner.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.